## EMMA STRUTH, Admx. et al. v. ADOLPH DECKER, et al. Executors.

*Wills—Caveat—New issues.*

Upon the trial of a caveat to a will, the verdict of the jury determined that the will was executed according to the requirements of the statute; that it was executed by the testator when he was of sound and disposing mind and capable of executing a valid contract; that the contents of the will were read to, or by, him and known to him at or before the time of its execution; that no part of the will was unknown to or misunderstood by the testator at the time of its execution, and that the execution of the will was not procured by undue influence exercised upon him. Subsequently the caveators petitioned the Orphans' Court to submit two additional issues for trial, alleging, first, that the paper writing purporting to be the same testator's will was and is not his last will because its execution was procured by fraud practiced upon him, and, second, that the provisions of the will do not carry out all

the material and important intentions of the testator as given by him to its draftsman.   *Held*, that the caveators are not entitled to have these two issues tried by a jury since these were substantially embraced in the issues already determined, and the matter is therefore *res adjudicata.*

Appeal from the Orphans' Court of Baltimore City.

The cause was argued before McSHERRY, C. J., BRISCOE, PAGE, BOYD, SCHMUCKER, JONES and BURKE, JJ.

*Thos. Ireland Elliott* and *Charles F. Stein* (with whom was *Francis A. Buschman* on the brief ), for the appellant.

*C. C. Rhodes* and *Adolph F. Decker* (with whom was *F. V. Rhodes* on the brief ), for the appellees.

BRISCOE, J., delivered the opinion of the Court.

This is an appeal from an order of the Orphans' Court of Baltimore City passed on the 23rd day of May 1905, in the matter of a caveat to the will of Charles G. Struth of Baltimore City, deceased.

It appears that on the 4th day of April, 1902, upon a caveat to this will, six issues were framed and sent to the Court of Common Pleas of Baltimore to be tried by a jury.

At the trial, a verdict was rendered for the caveatees on all the issues and upon an appeal to this Court, the rulings of of the Court below were affirmed.   *Struth* v. *Decker*, 100 Md. 377.

Subsequently, the finding of the jury was by an order of the Orphans' Court, dated on the 7th of February, 1905, ratified and confirmed and the caveat dismissed.

Afterwards, on the 16th of February, 1905, Emma A. Struth and others, the caveators on the former appeal and the appellants here, filled a petition in the Orphans' Court of Baltimore City against Adolph F. Decker and others, the caveatees, and the appellees here, asking that two additional issues be framed and sent to a Court of law for trial.

The alleged new issues are in substance as follows :  First,

that the paper writing dated the 25th day of February, 1902, and purporting to be the last will and testament of Charles Struth, deceased, was and is not his last will and testament because its execution was procured by fraud exercised and practiced upon him; and second, that the provisions of the will do not carry out all the material and important intentions of the testator, as given by him to its draftsman but these were omitted and not contained in the will.

In their answer, the appellees deny the allegations of the petition, and aver that the case was *res adjudicata* and the matters raised by the new issues were passed upon and determined by the issues on the original appeal.

The case was heard on petition and answer and from an order of the Orphans' Court denying the caveator's application for new issues, and dismissing the petition, an appeal has been taken.

The case as thus stated, it will be seen, presents the question, whether the two issues asked for by the appellants in their petition of the 16th of February, 1905, were not embraced in and determined by the issues on the former appeal. And to do this it becomes necessary to consider what was tried and decided in the former case.

The verdict rendered in the original case decided and determined that the will was executed according to the requirements of the statute; that it was executed by the testator when he was of sound and disposing mind and capable of executing a valid contract; that the contents of the will were read to or by him, and known to him, at or before the time of its execution; that no part of the will was unknown to or misunderstood by the testator, at the time of its alleged execution, and lastly, the execution of the will was not procured by undue influence exercised and practiced upon him.

We have carefully examined the several issues contained in the record on the former appeal and also those presented here and fail to find any substantial difference in the propositions submitted and proposed by the appellants in the two cases.

The new issue asked by the appellants, that the will was

not the last will and testament of the testator, because the excution was procured by fraud exercised and practiced upon him, is practically the same as the one passed upon by the sixth issue, relating to undue influence, in the former case.

In *Struth* v. *Decker, supra,* (the former appeal) it is said: "The fifth prayer of the caveator defining undue influence and asking that if the jury found this will was procured through such influence their verdict must be for the caveators, was refused upon the ground there was no legally sufficient evidence of such influence, and following the numerous decisions of this Court upon this question, we are constrained to hold that we can discover no such evidence in this record. To hold otherwise would be to indulge in mere suspicion and imagination. Upon the facts of this case as disclosed by the record, the only logical ground upon which this will could be attacked, would be that of a conspiracy to make a will for a man incompetent to make one for himself and that ground has been conclusively passed upon by the jury in the exercise of the power given to them, and withheld from the Courts, to determine all questions of fact."

It appears by the new issue that the execution of the will, was procured by fraud, was fully covered by the sixth issue suggested and decided upon in the former trial.

Mr. Schouler, in his work on wills, sec. 222, says, closely connected with the subject of fraud and force is that of importunity or undue influence. The latter involves in some degree one or both the elements of fraud and force though not so distinctly or easily made out. And in *Frush* v. *Green,* 86 Md. 501, this Court said: Undue influence often closely resembles and is near akin to actual fraud and like the latter when most cunningly employed is exceedingly difficult to expose.

Apart from this, it appears from the record in the former case, that the question of fraud in procuring the will, was fully considered and submitted in the trial of the sixth issue.

As to the second new issue, suggested by the appellants to the effect that "the provisions of the will do not carry out all

the material and important testamentary intentions of the testator as given by him to the draftsman of the will," we need only say, that this issue was submitted and covered by the findings in the third, fourth and fifth issues on the former trial.

In the opinion in *Struth* v. *Decker, supra,* JUDGE PEARCE distinctly says: The question of testamentary capacity and of the conformity of the will as prepared and read to the testator, with the instructions said to have been given by him to Mr. Decker and of the testator's knowledge and understanding of the provisions of the will as read to him, were all fully and fairly submitted to the jury by the caveator's first, second, third and fourth prayers which were granted, and the verdict of the jury upon all these questions were against the caveators. They exhausted their remedies in this regard when their motion for a new trial was made and overruled and we have no power to review these findings of fact by the jury.

As we are of the opinion that the new issues proposed by the appellants in this case substantially embraced the same questions that had been pronounced upon in the former case, it becomes unnecessary to discuss the other questions raised on the record.

The law is well settled that the Orphans' Court of this State are bound to accept the conclusions of the jury duly certified from a Court of law, on trials of caveats to wills as final, and to make them effective by proper orders.

This was done here by the order of the Orphans' Court of Baltimore City passed on the 7th day of February, 1905, and this order is conclusive of all issues tried in that suit.

Finding no error in the action of the Orphans' Court of Baltimore City, in the order of the 25th day of May, 1905, appealed against it will be affirmed.

*Order affirmed, with costs.*

(Decided January 9th, 1906.)