## ADOLPH F. DECKER, Executor, etc., *vs.* MATILDA FAHRENHOLTZ, et al.

*Appeal from Orphans' Court—What Constitutes Admission of Will to Probate—When Executor Entitled to Counsel Fees for Resisting Caveat to Will.*

An order of the Orphans' Court rescinding a previous order by which an allowance of counsel fees was made to an executor for opposing a caveat to a will is not a final order, and no appeal lies therefrom.

The statute does not prescribe any particular form in which the judgment of the Orphans' Court admitting a will to probate shall be expressed, and a formal judgment or decree is not necessary for that purpose.

When upon a caveat, the verdict of the jury has been in favor of the caveatees, and the Orphans' Court passes an order ratifying their finding and dismissing the caveat, such order is equivalent to the admission of the will to probate.

After a will has been admitted to probate, the executor named therein has the right and the duty to defend the same, although letters testamentary have not yet been granted, and he is entitled to an allowance of counsel fees for that purpose. But the executor named in the will is not entitled to an allowance of fees for resisting a caveat filed before the will has been admitted to probate.

A verdict was rendered for the caveatees upon the trial of issues upon a caveat filed to a will before its probate, and on appeal, the rulings of the trial Court were affirmed. On February 7th, 1905, the Orphans' Court passed an order confirming the findings of the jury and dismissing the caveat. On February 16th, 1905, the caveators asked for additional issues relating to the will. It was held that these were substantially embraced in the former issues and the petition for the caveat was dismissed, and this ruling was affirmed upon appeal in January, 1906. On February 20th, 1906, the Orphans' Court passed a formal order admitting the will to probate and letters testamentary were then granted. *Held*, that the order of February, 1905, dismissing the caveat, should be regarded as equivalent to an admission of the will to probate; that the executor named therein, although letters testamentary had not then been issued, had the right and it was his duty to defend the will, and he is entitled to an allowance for counsel fees in the subsequent litigation in which new issues were asked for, but he is not entitled to an allowance for counsel fees in resisting the first caveat.

*Decided March 5th, 1908.*

Appeal·from the Orphans' Court of Baltimore City.

This cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER and WORTHINGTON, JJ.

*F. V. Rhodes* (with whom was *A. F. Decker* on the brief), for the appellant.

*Charles F. Stein* (with whom was *Francis A. Buschman* on the brief), for the appellees.

PEARCE, J., delivered the opinion of the Court.

There were two appeals in this record, but the first appeal (No. 29 office docket) was dismissed by counsel for the appellant when the case was called for argument. The second appeal (No. 30 office docket) was taken from an order of the Orphans' Court of Baltimore City passed on the 4th day of October, 1907, rescinding a previous order of that Court passed on March 12th, 1906, by which Adolph F. Decker, executor of Charles Struth, deceased, was authorized and directed to pay to Rhodes and Rhodes, attorneys, the sum of two thousand dollars as a fee for services rendered as set forth in a petition of said attorney for allowance of said fee. The order of October 4th, 1907, was in these words:

"The order of Court of date March 12th, 1906, allowing Messrs. Rhodes and Rhodes a fee of $2,000 for professional services having been improvidently passed, it is ordered by the Court this 4th day of October, 1907, that the said order be and the same is hereby rescinded."

The appellees have filed a motion to dismiss this appeal, 1st, because the order appealed from is not a final order; 2nd, because the order appealed from was passed in the discretion of the Court.

It appears from the petition of the Messrs. Rhodes asking for the allowance of this fee that before the grant of letters testamentary to Adolph F. Decker upon the estate of Charles Struth, a caveat was filed by Emma Struth and others to the will of Charles Struth, and that thereupon the said Decker,

who was named as executor in said will, retained the petition-
ers as counsel to defend said will.   Issues were framed and
sent to the Court of Common Pleas, and a verdict was ren-
dered for the caveatees, and on appeal to this Court, the rul-
ings of the trial Court were affirmed January 18th, 1905, as
reported in 100 Md. 368; and on February 7th, 1905, judg-
ment was entered in the Orphans' Court in accordance with
the rulings on that appeal.

On February 16th, 1905, the appellees in that case filed a
petition in the Orphans' Court for new issues to be sent to a
Court of law for trial, which petition was answered by the ex-
ecutor through the same counsel, and the issues were refused
by the Orphans' Court.   From that order, an appeal was
taken to this Court, which held the issues prayed were sub-
stantially the same as those decided in the former appeal, and
the order refusing the said issues was affirmed, as reported
in 102 Md. 496, on January 9th, 1906.

The petition sets forth that much time and labor was de-
voted to the preparation and trial of these cases, and that they
were entitled to reasonable compensation for their services, to
be paid out of the estate of Charles Struth.   The executor
named in the will assented to any proper order, and three
lawyers of standing at the Baltimore bar certified that they
had examined into the character of the services rendered and
that in their opinion $2,000 was a reasonable and proper fee
therefor.

Thereupon, the Orphans' Court, on the same day, and with-
out any hearing or notice to the parties interested, passed an
order, March 12th, 1906, allowing and directing the payment
of said fee by said executor, which was accordingly paid,
letters testamentary having been granted to him on February
20th, 1906.   On April 11th, 1906, the appellees in this case
learning of the said order moved for its rescission, and on Oc-
tober 4th, 1907, the order of March 12th, 1906, was re-
scinded as improvidently passed.

It is quite clear that the order appealed from is not a final
order.   It does not refuse to allow compensation for the serv-

ices rendered. It does not determine any matter of right. The subject matter of the petition upon which the rescinded order was passed, remains in the breast of the Court, and the petitioners are left perfectly free to go on with their case and assert their right to recovery, the appellees being merely restored by the rescinding order to their right to a hearing, of which they were improvidently deprived by the order of March 12th, 1906. An order of the character of that here appealed from is precisely analogous to an order striking out a judgment. In such cases the defendant may always appeal from an order refusing to strike out a judgment against him, but the plaintiff has a right of appeal *only* where the judgment is stricken out at the instance of the defendant, upon motion filed after the lapse of the term at which the judgment was entered. There being no terms in the Orphans' Court, that restriction is not applicable in this case, but there was no laches on the part of the appellees as their motion to rescind the order was filed with promptness after its passage.

The motion to dismiss must therefore prevail.

· The appellant in his brief and in his argument does not attempt to dispute the numerous cases in which the rule has been established that where a caveat to a will is filed before probate of the will, the Orphans' Court has no jurisdiction to allow compensation to the executor named in the will for counsel fees paid in resisting the caveat, but he did contend that this case differs materially from any of the cases sustaining the rule above stated, and that this difference warrants its exemption from the application of that rule. His argument was that the effect of the decision in the first appeal in 100 Md., was to declare the will to be a proper will, and the executor therein named to be a proper executor, and that in so declaring, the Court put upon him the duty of defending the will. This, however, is too broad a proposition to be maintained. In *Warford* v. *Colvin*, 14 Md. 532, the Court said: "Probate means proof of the will by the proper tribunal * * * and the granting of issues is to enable the Orphans' Court to advertise itself of the real facts in the case. When ascer-

tained they are the basis of the Courts final action in admitting or rejecting the will. The finding of a jury on issues can amount to nothing until acted on *by the Court which has authority to admit or reject the paper.* It has no greater force than the evidence of witnesses rendered in the Orphans' Court in a plenary proceeding, in the absence of a final effective act of the Court itself upon the whole case before it." The only Court which can grant or refuse probate of a will in this State is the Orphans' Court, and unless this will has been admitted to probate the rule above stated must be applied. "The issues at law are merely in aid of the jurisdiction of the Orphans' Court, and the affirmance by the Court of Appeals adds nothing to the force of the proceeding as a judicial act. It is all the while a proceeding within the probate powers of the Orphans' Court * * * to whose order at last we must look to ascertain what has been done on propounding the will." *Warford* v. *Colvin, supra.* "The functions of the Orphans' Court are suspended until the finding of the jury be certified, but when that is done, it has no discretion in regard to it, and is imperatively required to enter up judgment in conformity thereto." *Pegg* v. *Warford,* 4 Md. 394.

The statutes in this State do not prescribe any particular form in which the judgment of probate shall be expressed, nor do the statutes elsewhere so far as we are informed. In 16 *Enc. Pl. & Pr.*, 1043, it is said to be sufficient if it appear from the minutes of the Court that the will was proved and allowed, and that a formal judgment or decree admitting the will to probate is not necessary. In *Warford* v. *Colvin, supra,* p. 534, in the statement of the case, referring to the action of the Orphans' Court upon the issues in *Pegg* v. *Warford,* the trial of which was reported in 7 Md. 582, it appears that the Orphans' Court upon the certificate of the findings of the jury "rendered a final decree confirming the findings of the jury on all the issues, and ordered and directed this will to be admitted to probate as the last will and testament of Rachel Colvin." The record in this case does not contain any order or decree of the Orphans' Court based upon the findings of

the jury on either of the appeals, but in the opinion of the Court on the second appeal, JUDGE BRISCOE says, referring to the action of the Court on the former appeal. "Subsequently the finding of the jury was by an order of the Orphans' Court dated on the 7th of February, 1905, ratified and confirmed, and the caveat dismissed."

This may be accepted as sufficient proof that the will was duly admitted to probate.

The additional issues were not asked for until February 16th, 1905, *after probate of the will*, and upon the appeal from the refusal of those issues, this Court held that they were substantially embraced in the former issues, and that the case was *res adjudicata.*

It does not appear why letters testamentary were not granted until February 20th, 1906, but if conjecture may be indulged, it was probably because the second appeal was not decided until January 9th, 1906. Be that as it may, they might, and we think regularly should have been granted, if applied for, upon the dismissal of the caveat, and the probating of the will February 7th, 1905. But for the purpose of defending the will, we think its admission to probate, without the grant of letters testamentary, was sufficient.

The general doctrine is that the title and rights of the executor are created by the will and not by the probate, which is merely evidence of such title and rights, and in this respect the probate relates back to the death of the testator. 23 *Amer. and Eng. Enc. of Law*, 2 ed., p. 136.

This is the Maryland law. In *Winchester* v. *Union Bank of Md.*, 2 G. & J. 80, CHIEF JUSTICE BUCHANAN said, "An executor derives all his interest from the will; and though probate is necessary to the authentication of his right, yet it is the will alone which gives it, and the probate is only the legitimate evidence of his title. He may, therefore, sue, but cannot declare before probate, for he cannot assert his right in Court as an executor without producing his letters testamentary."

The person named as executor cannot be disregarded by the Court unless he is for some reason disqualified to act, and

the authority of the Court is limited to qualifying the executor and issuing letters testamentary. 11 *Amer. & Eng. Enc. Law*, 2 ed. p. 745.

If proof of acceptance of the executorship is deemed necessary, it will be supplied by any acts which show an intention to accept, such as proving the will, or by any acts which would make one liable as executor *de son tort.* 11 *Am. & Eng. Eucy. of Law*, 2 ed., p. 753–754. In *Hanson* v. *Worthington*, 12 Md. 438, the Court said: "We regard the probate of the will, and the taking out of letters testamentary by John T. Worthington as a sufficient evidence of the acceptance by him of the trust created by the will."

Upon the principles above stated and supported we are of opinion that after the will of Charles Struth was admitted to probate by the order of February 7th, 1905, ratifying the finding of the jury and dismissing the caveat, the executor named in the will had the right, and it was his duty, without the grant of letters testamentary, to defend the will which had thus been probated, and that he was therefore entitled to a reasonable allowance for counsel fees in the litigation growing out of the second set of issues prayed by the caveators.

As to what is a reasonable allowance fee *these services*, we express no opinion, but the certificate of the attorneys who thought $2,000 was a reasonable fee very clearly was designed to embrace all the services rendered in the trial of both sets of issues, as set forth in the petition of the Messrs. Rhodes, and we call attention to this now in order that there may be no misapprehension as to the extent to which we think compensation should be allowed.

This appeal might have been dismissed without reference to the right to compensation to any extent, but this is the third appeal in the proceedings for the settlement of this estate, and we have thought it proper to express our views as above stated in the hope thereby of preventing further contest when the Orphans' Court comes to consider the allowance of counsel fees asked, upon a hearing of the parties.

For the reasons first stated the appeal will be dismissed.

*Appeal dismissed with costs to the appellees above and below.*

Afterwards a motion to modify this opinion was filed, and in disposing of it on April 22nd, 1908.

PEARCE, J., delivered the opinion of the Court.

The appellees in this case, since the filing of the opinion of the Court, have filed a motion to modify the opinion: First, by striking out all that part of it which discusses the right of compensation of the attorneys, Messrs. Rhodes and Rhodes; or second, to so modify it as to direct the Orphans' Court to allow only a fee for such services as were rendered by them after the probate of the will of Charles Struth, deceased, and then to allow the appellees to show the date of that probate.

This motion is based upon the fact, as now for the first time appears by the certified copy of the order of the Orphans' Court admitting said will to probate, that said order was not actually passed until February 20th, 1906, whereas in the opinion filed the Court treated the order of February 7th, 1905, ratifying and confirming the finding of the jury and dismissing the caveat, as sufficient proof of the admission of the will to probate.

But we do not think this technical objection should require us to modify the opinion as prayed.

As was shown by reference to 16 *Enc. Pl. & Pr.*, 1043, cited in the opinion heretofore filed "a formal judgment or decree admitting the will to probate is not necessary," and in *Pegg* v. *Warford*, 4 Md. 394, also cited in the opinion, JUDGE LEGRAND said that when the finding of the jury upon the issues are certified to the Orphans' Court, "it has no discretion in regard to it and is *imperatively required* to enter up judgment in conformity thereto." Under this decision, it was the duty of the Orphans' Court *with reasonable promptness* to enter up the proper judgment, or order, and the omission of that Court to perform this duty until more than a year later, ought not to be allowed to prejudice any rights, and we are of opinion, for the purposes of this aspect of the case, that the order of February 7th, 1905, ratifying the finding of the jury and dismissing the caveat may be regarded as equivalent to the admission of the will to probate.

The object of all rules of law is to do substantial justice to all persons, parties to, or interested in, the litigated matters, and Courts ought not to be required to give undue effect to technical rules, where justice would be thereby defeated.

For these reasons the motion will be overruled.

*Motion overruled.*