## CHARLES J. FLATER, Administrator, *vs.* HENRY C. WEAVER.

*Appeal by Administrator—Counsel Fee Claimed for Services to Administrator Personally.*

An administrator is entitled to appeal from an order of the Orphans' Court, directing him to pay a sum of money for legal services rendered to him or to the distributees of the estate.

When a party gives legal advice to a person in his individual capacity, and before he is appointed administrator, and afterwards renders no services of value to the estate, he is not entitled to demand compensation from the administrator.

*Decided November 20th, 1908.*

Appeal from the Orphans' Court of Baltimore County.

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, SCHMUCKER, BURKE, THOMAS, WORTHINGTON and HENRY JJ.

*E L. Painter* for the appellant.

*W. W. Parker* (with whom was *Henry C. Weaver* on the brief), for the appellee.

HENRY J., delivered the opinion of the Court.

This is an appeal from a decree of the Orphans' Court for

Baltimore County, passed after plenary proceedings, and the facts of the case can be as briefly stated, and perhaps more clearly understood, by quoting from the record the petition, the answer and other proceedings in the aforesaid Court.

The appellee, Henry C. Weaver, filed in the said Court the following petition:—

To the Honorable, the Judges of said Court:—

The Petition of Henry C. Weaver respectfully represents unto your Honors:—

That Samuel Flater died in the Baltimore County Almshouse some time during the month of July in the year 1906.

That before he was taken into the Baltimore County Almshouse he was in the hospital for some two or three months, and was an inmate of the county alms-house for a period of about four months previous to his death.

That the said Samuel Flater was deceased and buried for a period of six months before any steps were taken by any one of his relatives to have his body buried in any other manner than that prescribed by the rules and regulations for the poor of Baltimore County.

That the said Samuel Flater during his life time accumulated some money, and executed a last will and testament in due form and placed the same in the care of one Edward E. Weaver. Some time during the month of February, 1907, it was learned by your petitioner that the said Samuel Flater was deceased, and the said Edward E. Weaver came into possession of his last will and testament and about to leave the city for some time, asked your petitioner as to best course to pursue with the will, and he was advised to file the same in the Register of Wills of Baltimore County, and to notify Charles J. Flater to come to your petitioner's office.

That in pursuance of the advice thus given to Mr. E. E. Weaver, your petitioner was requested by telephone to wait one Saturday afternoon at his office until the said Charles J. Flater could get there, and that your petitioner did in pursuance of said message wait until after five o'clock when the said Charles J. Flater sought your petitioner's advice as to what

was necessary to be done in order to obtain possession of the worldly goods belonging to the said Samuel Flater, deceased. The said Charles J. Flater specifically asked the question as to whether or not he could be appointed administrator of the estate and your petitioner being under the impression that the property had been left to William Flater and in case of his death to his children, advised the said Charles J. Flater that he was the proper person to take out letters *c. t. a.* on the estate and that the said Charles J. Flater promised to return in a week or ten days and apply for letters of administration, during which interval your petitioner had occasion to visit the office of the Register of Wills at Baltimore County and upon inspection of the will, found that the property was left, subject to a bequest of $150 (one hundred and fifty dollars), to Mary Uhler, to William Flater, who died on April 2nd, 1907, and that your petitioner notified the Charles J. Flater, the prospective administrator *c. t. a.* upon his next return to the office of your petitioner, that it would be necessary for the said Charles J. Flater in order to obtain letters on the estate of the said Samuel Flater, deceased, that he procure renunciation from the brothers and sisters of his father, the late William Flater. That subsequently your petitioner was called over the telephone by one, E. Lynn Painter, a member of the bar, who claimed to represent the said Charles J. Flater, as administrator of the estate of Samuel Flater, deceased, and requested your petitioner to inform him as to the whereabouts of the estate of the late Samuel Flater, which you petitioner declined to do, until he should be compensated for the services he had rendered to the said Charles J. Flater in advising him how to proceed in obtaining letters of administration in the estate of said Samuel Flater, deceased, and for bringing to his knowledge the fact that Samuel Flater had died and left an estate. Nothing further was done in the matter, until your petitioner was informed that he must tell where the estate was located or he would be cited before your Honors, and your petitioner again declined to give information, whereupon the said Charles J. Flater, thorough his said attorney, attempted, through the proceedings

of this Court to get from your petitioner and others, informa-
tion as to the estate of the said Samual Flater.

Your petitioner therefore charges and says:—

That the said Charles J. Flater, the prospective administra-
tor, at the time when he sought your petitioner's advice and
now the administrator *c. t. a.* of the estate of the said Samuel
Flater, deceased, is now possessed of the sum of ten hundred,
forty-seven and 55-100 dollars, being the amount of money on
deposit to the credit of the said Samuel Flater, deceased, and
that the said Charles J. Flater, the aforesaid administrator
came into the knowledge of this fact by and through the in-
formation imparted to him by your petitioner, and therefore
your petitioner claims to be entitled to compensation for ser-
vices thus rendered to the distributees of the estate of Samuel
Flater, and prays your Honors to pass an order directing the
said Charles J. Flater, administrator *c. t. a.* of Samuel Flater,
deceased, to pay to your petitioner such compensation as may
seem right and just in the matter.

And as in duty bound, etc.

*Henry C. Weaver.*

This petition was under affidavit, and annexed thereto was
a certificate from two members of the Baltimore County Bar
that $150 would be a fair and reasonable fee for the services
rendered.

Upon the said petition and certificate the Orphans' Court,
on October 12th, 1907, passed an order allowing the petitioner
$100 "for professional services rendered the estate of Samuel
Flater."

Subsequently, on April 28th, 1908, upon the petition of the
appellant, this order was rescinded, and the matter was set
for a hearing before the Court on May 21st, 1908, on which
date the appellant filed the following answer:
To the Honorable, the Judges of said Court:

Charles J. Flater, administrator *c. t. a.* of the estate of Sam-
uel Flater, deceased, in response to the petition of Henry C.
Weaver against him in this Court exhibited, says:

(1) That said petitioner has not stated in his petition such

a case as entitled him to any relief in this Court against this respondent.

(2) That said petitioner has not stated in his petition such a case as entitles him to any relief in law or in equity against this respondent.

(3) That this Honorable Court has no jurisdiction to hear and determine the matter or claim in said petition against this respondent.

(4) That this Honorable Court has no jurisdiction to grant the relief prayed in said petition against respondent.

(5) That said Henry C. Weaver is not an heir nor any relation of the deceased, Samuel Flater, nor has he any distributive share in the estate of the deceased. And such being the case any claim against this estate made by the said Henry C. Weaver is triable at law as provided in secs. 98 and 99 of Art. 93 of the Code of 1904 and this Court has no jurisdiction to determine the justice of said claim or enforce its payment. And said Honorable Court is expressly forbidden from exercising any jurisdiction not expressly conferred by statute (sec. 260, Art. 93). And is expressly enjoined from arbitrating any claim against an estate except by mutual agreement and consent (sec. 256, Art. 93), and said claim of said Weaver has never been properly probated or exhibited as required by law (sec. 90, Art. 93), nor entered upon the claims docket as required by secs. 115 and 82 of said Article. And said administrator is forbidden by said section from paying any such claim unless so authenticated, except at his own risk, unless a suit be pending.

And the jurisdiction of this county is limited to the passing of such claims for the protection of the administrator when properly probated; and said Honorable Court is expressly estopped from decreeing a payment but the same may be disputed at law by the administrator, as set forth in secs. 98 and 113 of said Article.

(6) And the time for filing said claim against said estate had long expired when the account of this respondent, administrator as aforesaid, after due notice by advertisements had

been duly filed and ratified by this Honorable Court on the 25th day of February, 1908.

And said account was filed and ratified in good faith by this administrator before he had any notice of the filing of said petition nor any knowledge thereof as no claim of the said Weaver appeared on the Claims Docket as required by law. (Sec. 112.)

And said account showed said estate wholly distributed and accounted for.

(7) And without waiving any right of demurrer or plea as above set forth this respondent answering further says:

That said claim of said petitioner is wholly fraudulent and without merit, and said petitioner rendered no services to the estate of the deceased as alleged in the petition; but on the contrary the said petitioner hindered, delayed and prevented the discovery of the assets of said estate and after the positive orders of this Court in open Court and *and* in defiance of said order refused to disclose the nature or the location of the assets and all such necessary information was thereupon obtained by this respondent wholly by information furnished by other parties.

And said refusal to obey the order of this Court was based by said petitioner on his demand for an extortionate fee for the furnishing of said information to this Court, and to its administrator.

(8) And now having fully responded to the petition of the said Weaver this respondent respectfully prays that said petition be dismissed. And that this respondent be allowed his reasonable costs to be taxed by the Register of Wills.

And as in duty bound, etc.

*E. L. Painter,*<br>Sol. for Respondent.

After hearing the parties and taking testimony on said date, the Orphans' Court passed the following order:—

The matter of the petition of Henry C. Weaver for a counsel fee filed in this Court on the 12th day of November, 1907, coming on for a hearing, both sides being in Court, after a

protest filed by the said administrator, was overruled and tes-
timony and hearing of counsel for the respective parties, it is
this 21st day of May, 1908, ordered by the Orphans' Court
for Baltimore County that Charles J. Flater, administrator,
*cum testamento annexo* of the estate of Samuel Flater, late of
Baltimore County deceased, be and he is hereby directed to
pay to the said Henry C. Weaver for professional services ren-
dered the estate and distributees of Samuel Flater, deceased,
the sum of One hundred dollars with costs. Defendant's ob-
jection to testimony overruled.

On the 9th of June following, the appellant entered an ap-
peal from this order to the Court of Appeals, and on the same
day the Orphans' Court signed the following bill of Excep-
tions:—

The respondent, Charles J. Flater, administrator, in pursu-
ance of the order of the Orphans' Court of Baltimoe County,
dated May 15th, 1908, to appear before said Court on the 21st
day of May, to show cause, did on that day appear with coun-
sel, and filed his response to said petition, which said response,
the respondent prays may be taken as part of this bill of ex-
ceptions.

(1) And respondent in said response filed demurred to the
jurisdiction of the Court for the causes shown in the 1st,
2nd, 3rd, and 4th paragraphs of said response.

(2) And this respondent thereupon deposed the Court that
the facts alleged in the pleas contained in the 5th, 6th, para-
graph of said response were true, other statement of the law,
and that the said respondent had no knowledge or notice of the
passing of any order for the payment of a fee, until consider-
able time after passing of his account showing the estate wholly
accounted for, and the ratification by this Court of said ac-
count, duly recorded.

And respondent offers said records to show that said ac-
count was passed, and that no claim appeared on the claims
docket.

(3) Whereupon the respondent, not waiving any of his rights
as to demurrer and pleas, the Orphans' Court took the depo-

sitions of Henry C. Weaver, that the allegations contained in which said petition were true as stated, and the deposition of Charles J. Flater, that the matters and facts set-up in his response were true, and said Charles J. Flater further deposed that since his appointment as administrator he had received no information of any kind from the said petitioner, and further that he visited the office of the said Henry C. Weaver at the request of the said Edward Weaver, who advised him that he solicited for his nephew Henry C. Weaver, who was an attorney, but that he did not visit said office nor receive any advice or information after his appointment as administrator. And said Henry C. Weaver deposed that he had refused to obey the order of the Orphans' Court when summoned as a witness before said Court, and reveal the location of the assets of the estate, for that, he contended that he was entitled to compensation before giving such information, although he would furnish said information as a settlement of his claim for services, if paid $100 by the administrator.

And no testimony having been adduced that said petitioner furnished any information, or rendered the estate any services after the appointment of the administrater, the respondent prayed the petition be dismissed.

(4) And the respondent objected as set forth in the decree, to testimony being taken, as the Court was without jurisdiction, to hear and determine this cause, and further objected to any reference to testimony being taken, in the decree signed by this, the said Orphans' Court for the same reasons, and for that the said testimony was not in writing. And all the objections of the respondent being overruled, the Court thereupon signed a decree, and defendant gave immediate notice of appeal, in open Court.

We hereby certify the above bill of exceptions, and that the objections were taken as above set forth.

*E. Clinton Tracey.*
*H. Seymour Piersol.*
Judges of the Orphans' Court of
Baltimore County.

The appellee has filed in this Court a motion in writing to dismiss the appeal because the order appealed from determined no right and was not final in its nature.

And he further contends that if such order or decree were the subject of appeal that there can be no doubt of the right of the Orphans' Court to pass it under authority conferred by sec. 5, Art. 93 of the Code of Public General Laws, which, in part, provides that an administrator shall be entitled to an allowance, "for costs and extraordinary expenses (not personal) laid out in the recovery or security of any part of the estate."

In support of the first proposition, the recent case of *Decker, Executor,* v. *Fahrenholtz,* decided by this Court at the January Term, 1908, 107 Md. 515, is cited. In that case the Orphans' Court of Baltimore City, acting upon a petition filed by an attorney, accompanied by the assent of the executor to the allowance of a reasonable fee, passed an order directing the executor to pay the attorney $2,000 for his services. Subsequently, this order was rescinded as having been improvidently passed, without finally disposing of the petition, and from the order of rescission an appeal was taken to this Court, which held that the order was not final in its character as the petition was still before the Court to be acted upon at some future time. Hence the appeal was dismissed.

In the case before us, the order is of a different character. It directs in unconditional and absolute terms the payment of $100 to the petitioner by the administrator for professional services rendered the estate and distributees of the decedent. It is in terms and in substance a final order, and as such can rightfully be brought on appeal to this Court. If the order of April 28th, 1908, as set forth in the record, rescinding the previous order of October 12th, 1907, were before us it would present a case parallel to that of *Decker* v. *Fahrenholtz,* in so far as the nature of the order is concerned.

The claim itself is without merit. It is not asserted that the claim is a debt against the decedent, nor against the administrator in his representative capacity, but it is advanced as

a claim for services which were alleged to be beneficial to the estate of the decedent and to the distributees thereof, and that the Orphans' Court had authority to allow it under sec. 5, Art. 93 of the Code above referred to.   It may have been that Charles J. Flater was put on inquiry by his conversations with the appellee, and given to understand that his uncle left some money, but the record shows that Weaver flatly refused to disclose the character or location of the estate, and, according to the record, this important information was obtained wholly from other sources.   Even when brought before the Orphans' Court, the appellee declined to tell about the estate unless paid $100 for advice, which he had voluntarily given to Charles J. Flater when, through solicitation, he came to his office before the application for letters testamentary.   Such advice was given to Flater in his individual capacity, and it is clear from the record that no services were rendered at the request, express or implied, of the administrator, or of any person interested in the distribution of the estate.   As matter of fact, the conduct of the appellee was calculated to delay the settlement of the estate.   The claim does not, therefore, come within the scope of the provision of law relied upon.   The Orphans' Court is restricted to the exercise of powers expressly delegated, which cannot be extended by construction or implication, and we know of no other provision in the testamentary law of this State which, under the facts here presented, would confer the authority to pass the claim in question.   *Code, P. G. L.*, Art. 93, sec. 260; *Bowie* v. *Ghiselin*, 30 Md. 553.

The motion to dismiss is overruled, and the order is reversed with costs to the appellant above and below, and the petition is dismissed.

*Order reversed with costs.*