The Prescott State Bank, a corporation hereinafter called the bank, was heretofore found to be insolvent, and during all the time mentioned in these proceedings was under the control of the superintendent of banks, as provided by law. E.A. Sawyer, hereinafter called appellant, at the time of the closing of said bank, was a creditor thereof. His claim was duly presented and allowed, and has not as yet been paid in full, it being extremely doubtful if the assets of said bank will be sufficient to pay all allowed claims. During the pendency of the insolvency proceedings, John A. Ellis and T.J. Byrne, hereinafter called appellees, were employed by the superintendent of banks as attorneys in the matter, and performed various services in connection with the insolvency, being paid by the receiver certain sums from time to time. On September 17th, 1929, appellees filed a petition alleging their employment by the superintendent, and that it had been agreed at the time of such employment there should later be a determination of the value of their services by the court, and asking for such determination to be made. The original superintendent of banks, A.T. Hammons, had, during the process of the receivership, been succeeded in office by James B. Button, and appellees alleged in their petition that the latter, not being at all familiar with the value of the legal services performed by them, had requested that appellees petition the court to fix a reasonable attorney's fee. The court heard evidence as to the value of the services and entered the following order: *Page 421 
"The Petition of John A. Ellis, joined in by T.J. Byrne, coming on regularly to be heard on the 30th day of October, 1929, for the allowance of attorneys' fees for services rendered in connection with the above styled matter, and evidence having been submitted in support of said petition, and the Court having found the hereinafter mentioned amount reasonable,
"It is hereby ordered, adjudged and decreed that the sum and amount of Thirty Five Thousand Dollars ($35,000.00) be allowed and paid to said attorneys, and that there be deducted therefrom any amounts heretofore advanced, but excluded therefrom the monthly payments that have been allowed."
Thereafter, appellant filed a petition asking that said order be set aside upon various grounds. Appellees appeared and demurred to the petition, and, the matter having been duly presented to the court, the demurrer was sustained and the petition ordered dismissed; whereupon, an appeal from said order of dismissal was taken to this court.
Appellees have moved that the appeal be dismissed on the ground that this court is without jurisdiction to entertain it, as being an appeal from an interlocutory order, which is reviewable, if at all, only on an appeal from a final judgment, under paragraph 3660, Revised Code of Arizona of 1928. They state that they base their motion upon the decision of this court in the case ofRitter v. Arizona Cattle Co., 34 Ariz. 278, 271 P. 25, 27. In that case we said:
"Orders made in the course of the administration of an insolvent's estate by a receiver are not specifically named in paragraph 1227, supra, as appealable, and of course the right of appeal is statutory. We think that such orders are interlocutory and subject to revision or change, for good reason, upon the hearing of the final account of the receiver. . . .
"We think orders approving current accounts of the receiver or authorizing expenditures by him fall within the terms of this statute and may be reviewed *Page 422 
only on appeal from the final judgment approving or disapproving the final account of the receiver. In discussing this provision in Miami Copper Co. v. Strohl, 14 Ariz. 410, 130 P. 605, we said:
"`All orders made in cases before judgment, other than those enumerated, are therefore unappealable, for, as the manner of taking an appeal is purely statutory, the right cannot be extended to cases not included within the statute. And it follows that such nonappealable orders involving the merits and necessarily affecting the judgment may, under the terms of the statute, be reviewed on appeal from the judgment alone when properly presented in the record.'
"In Rochat v. Gee, 91 Cal. 355, 27 P. 670, the court suggested the usual practice with reference to receiver's accounts, as also why the appeal is from the final order of settlement of the account, in this language:
"`The final account will refer to previous reports filed, and when that is settled, anyone aggrieved will be fully protected by an appeal, either from the final order or from the judgment. It may happen that those who object to the acts of the receiver during the first part of his administration will be entirely satisfied with the general result, and have no objection to the approval of his final account of the whole matter.'"
We are of the opinion that the Ritter case and the case at bar are distinguishable both on the facts and in principle. In the Ritter case, the receiver himself had asked for the allowance of an attorney's fee in a partial account presented to the court for settlement, which allowance was approved. The proceeding was initiated by the receiver and the allowance was to him and not to the attorney. He was under no obligation to pay the latter after such allowance unless and until he saw fit, and might have postponed the actual payment until the approval of the final account, thus protecting himself and his bondsmen when this court on appeal from the order settling *Page 423 
the final account disallowed the allowance made by the lower court on the partial account. The order in question in the Ritter case was thus clearly an interlocutory one, and reviewable only under paragraph 3660, supra.
In the case at bar, the superintendent of banks did not initiate the proceeding. This was done by the attorneys themselves in a request, not that the superintendent might be allowed credit for a certain amount in settling his accounts, but that he be ordered by the court to pay a specific amount to them. If it be held that such an order is not appealable until the final account of the receiver is presented, but may then be reviewed, we have the possibility of a situation wherein the receiver may be satisfied that the appellate court will refuse to approve the payment when the final account is reviewed, and, if it has been made, order that the same be recovered from him and his bondsmen, while at the same time, if he refuses to obey the order of the trial court immediately, he is liable in contempt proceedings, with no method of escape from the dilemma. We think it would be highly unjust to so interpret the law that such a situation could arise, if it be possible to avoid it. We are of the opinion that, admitting for the sake of the argument the very doubtful proposition that the court has jurisdiction to make an allowance direct to an attorney, rather than to the receiver at the request of the latter on a presentation of an account, such a proceeding is not — within the statute and the language of the Ritter case — an "Intermediate order involving the merits and necessarily affecting the judgment," and therefore reviewable only on an appeal from a final account, but rather a final and immediately enforceable judgment for the payment of money in an independent and collateral matter, and therefore reviewable under paragraph 3659, subdivision 1, Revised Code of Arizona of 1928. It will be *Page 424 
noted that such paragraph does not refer to "the" final judgment but to "a" final judgment. It is generally held that an order of the character involved herein is appealable under a statute like ours. This has been held in cases of allowances to trustees (Williams v. Morgan, 111 U.S. 684 28 L.Ed. 559, 4 Sup. Ct. Rep. 638; Trustees v. Greenough, 105 U.S. 527, 26 L.Ed. 1157;Battery Park Bank v. Western Carolina Bank, 126 N.C. 531,36 S.E. 39); in orders directing an administrator to pay an attorney's fee (Flater v. Weaver, 108 Md. 668, 71 A. 309); and judgments allowing attorneys' fees and alimony pending suit for divorce (Sharon v. Sharon, 67 Cal. 185, 7 P. 456, 635, 8 P. 709; Shirey v. Shirey, 79 Ark. 473, 96 S.W. 164;McCreary v. Robinson, 92 Tex. 408, 49 S.W. 212; Daniels v.Daniels, 9 Colo. 133, 10 P. 657).
We are of the opinion, therefore, that since the order specifically directs the receiver to pay the attorney's fee, it is appealable as a final judgment.
The motion to dismiss the appeal is denied.
McALISTER and ROSS, JJ., concur.