WRIGHT ET AL. *v.* NUTTLE, PERSONAL REPRESENTATIVE
OF THE ESTATE OF GUY LEE WRIGHT

[No. 119, September Term, 1972.]

*Decided January 12, 1973.*

The cause was argued before BARNES, MCWILLIAMS, SINGLEY, DIGGES and LEVINE, JJ.

*David F. Albright,* with whom were *Parker B. Smith* and *Semmes, Bowen & Semmes* on the brief, for appellants.

*William H. Price, II,* with whom were *Waller S. Hairston* and *Henry, Hairston & Price* and *William A. Franch* on the brief, for appellee.

SINGLEY, J., delivered the opinion of the Court.

This case, like *Wolfe v. Turner,* 267 Md. 646, 299 A. 2d 106 (1973), involves an attack on the fees allowed counsel to a personal representative under Maryland Code (1957, 1969 Repl. Vol.) Art. 93, § 7-602. Unlike *Wolfe v. Turner,* however, neither the reasonableness of the hourly rate nor the amount of the charge is directly questioned. Rather, the question is, shall the charge be paid entirely by the estate or partly or wholly by the residuary legatee?

Guy Lee Wright died domiciled in Caroline County, Maryland on 22 March 1971, leaving a will dated 20 January 1970, which was admitted to probate by the Orphans' Court for Caroline County on 23 March 1971. The gross assets of the estate were about $430,000.00. By the terms of his will, Mr. Wright left pecuniary legacies of $22,500.00 (including bequests of $5,000.00 to each of his sisters, Alice T. Wright and Kathleen E. Wright, the appellants here) ; bequeathed the residue of his estate to Wilmer Lee Smith, a young neighbor and employee, who was not related, and appointed Philip E. Nuttle, Jr., his personal representative.

Shortly after the will was admitted to probate, Alice T. Wright and Kathleen E. Wright, sisters of the decedent, filed a claim against the estate on a note dated 16 January 1968 for $300,000.00, which had been signed by Guy Lee Wright, the decedent; his brother, Frank

Wright, who had predeceased him, and Wright Brothers, apparently a partnership of which the deceased was a member, payable to the sisters. On 31 January 1972, the sisters recovered judgment in the Circuit Court for Caroline County against the estate for $300,000.00, the principal amount of the note, together with interest of $72,-750.00; attorneys' fees of $37,275.00, interest from date of judgment, and costs.

The personal representative had first retained the firm of Henry, Henry and Adkins and later, William A. Franch, Esq., to represent him in connection with the defense of the claim and the subsequent litigation, without the prior order of the orphans' court. On 15 February 1972, the court, on petition of counsel, entered an order authorizing payment of interim counsel fees to the Henry firm and Mr. Franch in amounts of $5,496.98 and $3,150.00, respectively. On 29 February 1972, an order was entered on the petition of the personal representative, authorizing him to retain the same counsel and compensate them for services to be rendered in the future. From an order denying exceptions to the allowance of these fees, and from the order authorizing employment of counsel in the future at a stipulated hourly rate, this appeal was taken.

It seems to be conceded that the assets of the estate will be insufficient to satisfy the judgment. As a consequence, payment of the fees by the estate will further reduce the amount of the sisters' recovery. The sisters contend that the fees should be paid in whole or in part by Smith, the residuary legatee, who would have benefited had the defense of the case been successful. The personal representative counters with the contention that his was a fiduciary duty to protect legatees and other creditors alike from a claim which would adversely affect the estate. *See,* on this point, 2 Sykes, *Probate Law and Practice* § 887 at 41 (1956) and cases cited.

As we pointed out in *Wolfe v. Turner, supra,* the allowance of a fee to counsel for a personal representative

is clearly within the discretion of the orphans' court, and in the absence of an abuse of this discretion, will not be disturbed. It is equally clear that under Code (1957, 1968 Repl. Vol.) Art. 5, § 9 an appeal would normally lie from an order granting or denying the allowance of a counsel fee, *Sonneborn v. Hutzler*, 134 Md. 424, 436, 107 A. 251 (1919) ; *Flater v. Weaver*, 108 Md. 668, 676, 71 A. 309 (1908) ; *Miller v. Gehr*, 91 Md. 709, 715-16, 47 A. 1032 (1900) ; 1 Sykes, *Probate Law and Practice, supra*, § 243 at 252 (1956).

However, the substantial revision of Art. 93 (the Decedents' Estates law), effected by Ch. 3, § 1 of the Laws of 1969, added a new ingredient. Section 7-602 (c) of the new law provides:

> "(c) *Considered with commissions.*—If the court shall allow a counsel fee to one or more attorneys it shall take into consideration, in making such determination, what would be a fair and reasonable total charge for the cost of administering the estate under this article, and it shall not allow aggregate compensation in excess of that figure."

This is a clear expression of legislative intent that the orphans' court, incident to the approval of counsel fees, shall take into account both counsel fees and commissions allowed or to be allowed the personal representative in determining what is a fair and reasonable charge for the settlement of an estate, to the end that aggregate compensation shall not exceed this amount.

That there was a failure here to comply with the statutory mandate is abundantly clear. The orphans' court, in allowing an interim fee to counsel for the personal representative, simply did not take into account the compensation of the personal representative, as required by § 7-602 (c).[1] Until it does so, neither it nor we can have

---

1. A petition seeking an allowance of commissions was apparently not filed until after this appeal was entered.

any rational standard by which the reasonableness of the amounts of the fees allowed or to be allowed can be tested or the necessity or propriety of an allocation between the estate and the residuary legatee can be determined.

As a consequence, we need not reach the other contentions of the parties.

> *Remanded, w i t h o u t affirmance or reversal, for reconsideration in the light of the views herein expressed, costs to be paid by appellee from funds of the estate in his hands as personal representative.*