## CROUSE vs. THE STATE.

An indictment, charging that a woman *did bed to, and live with,* a man, (naming him) is not good, under the statute prohibiting a man and woman living together as husband and wife without being married.

*Quere :* Is adultery or fornication indictable as a common law offence?

*Error to the Circuit Court of Dallas County.*

Hon. THEODORIC F. SORRELLS, Circuit Judge.

COMPTON & SMITH, for the plaintiff. The indictment cannot be sustained as charging the statutory offence created by *sec.* 4, *chap.* 51, *Digest,* for it is a rule of pleading that it is, in general, necessary not only to set forth in the indictment all the circumstances which make up the statutable definition of the offence, but also to pursue the precise and technical language in which they are expressed. *Chitty's Crim. Law, vol.* 1, *p.* 235 ; *Moffat vs. The State,* 6 *Eng.* 171.

Nor can the indictment be sustained as charging either fornication or adultery ; because there are no such offences at common law punishable by indictment. *State vs. Cooper,* 16 *Verm.* 551, *and authorities there cited ; Anderson vs. Commonwealth,* 5 *Rand.* 627 ; and there is no statute in Arkansas making fornication and adultery indictable.

Mr. Attorney General JORDAN, for the State. It is submitted that the indictment in substance, charges the offence contemplated in *sec.* 4, *chap.* 51, *Digest,* though not drawn with technical accuracy ; and that even if not a good statutory indictment, it is

sustainable under the common law in force in this country. *Digest, chap.* 34, *sec.* 1 *and* 2.

Mr. Chief Justice ENGLISH delivered the opinion of the Court.

The plaintiff in error was indicted in the Dallas Circuit Court, as follows :

The grand jurors, &c., &c., present that Harriet Crouse, late of, &c., on the first day of September, A. D. 1854, in the county of Dallas, &c., then and there being, with force and arms, unlawfully and wickedly did *bed to*, and live with, one Johnson Kenedy, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the State of Arkansas.

The defendant moved to quash the indictment, which motion being overruled, she was tried on the plea of not quilty, convicted and fined twenty dollars. She moved in arrest of judgment, on the ground, that the indictment was not good, which motion was not sustained by the court, and she brought error.

*Sec.* 4, *art.* 2, *part* 8, *chap.* 51, *Dig., p.* 364, declares that : "If any man and woman shall live together, as husband and wife, without being married, each of them shall be deemed guilty of a misdemeanor, and shall, upon the first conviction, be fined in a sum not less than twenty dollars, &c., &c.

Under this statute, the indictment is manifestly defective, because it does not charge that the parties lived together as husband and wife without being married.

This statute was doubtless designed to punish the illegal assumption of the marriage relations, and not the mere act of illicit intercourse.

We have no statute providing for the indictment of *adultery or fornication*, other than as above.

It is suggested by the Attorney General, that the indictment is good as for the common law offence of adultery, &c.

It seems to be a matter of doubt whether adultery or fornication is indictable as a common law offence in this country, except

in cases of open lewdness, amounting to nuisance. See *Wharton's American Crim. Law, p.* 758, 760, *and cases cited in the margin ; State vs. Cooper,* 16 *Verm.* 551.

It would not be safe to punish a person criminally, where there is a doubt that any positive provision of law has been violated.

The judgment of the court below is reversed, and the cause remanded, with instructions to sustain the motion in arrest of judgment.

