SHIREY *v.* SHIREY.

Opinion delivered July 2, 1906.

1. DIVORCE—ALLOWANCE OF SUIT MONEY AND ALIMONY—RES JUDICATA.— The fact that alimony and suit money *pendente lite* were allowed in a former suit for divorce is no reason why a similar allowance should not to be made in a second suit for divorce. (Page 474.)

2. APPEAL—FINAL JUDGMENT.—A judgment allowing suit money and alimony during the pendency of the suit for divorce is a final judgment, from which an appeal will lie. (Page 474.)

Appeal from Lawrence Chancery Court; *George T. Humphries,* Chancellor; affirmed.

STATEMENT BY THE COURT.

A. W. Shirey, appellant, brought suit for divorce against

Fair Belle Shirey, appellee, February 26, 1906. He alleged in his complaint such indignities to his person as to render his condition intolerable. Appellee answered March 19, 1906, and denied specifically the allegations of the complaint. She also on same day filed her written motion for "suit money" and alimony pending the suit for divorce. She alleges that she is without means of support and without money to pay attorney's fees and costs for obtaining the depositions of witnesses by whom she expects to prove the allegations of her complaint, etc. She alleges that appellant is worth the sum of $200,000, as she is advised, and prays for a reasonable amount to be allowed her for the purposes indicated *supra*.

The appellant filed his response February 22, 1906, denying that appellee was without means, and that he was worth the amount alleged by appellee, and alleging that there was a suit for divorce pending in the same court, embracing the same subject-matter, and that appellant had already paid a large sum of money for support and attorney's fees, etc., under decree of the court in that suit, and he alleges that appellee is therefore not entitled to any further sum for such purpose.

The court, after hearing evidence on the issue raised by the motion and response, ordered that the appellant pay to appellee $250 as attorney's fees, and $50 to be paid to the clerk, to be used for expenses in conducting the suit, and the further sum of $25 per month, beginning from the date of the order, for appellee's temporary alimony, and the appellant appealed.

*Campbell & Suits* and *W. E. Beloate,* for appellant.

*Cunningham & Smith,* for appellee.

Wood, J., (after stating the facts.) It is unnecessary to discuss the evidence which was the basis of the court's order. We have examined it, and think it is amply sufficient to sustain the court's finding.

The divorce proceeding in which the former order was made allowing suit money and alimony, it appears, was dismissed after the allowance had been made and the judgment therefor had been affirmed by this court. This is an allowance in another and subsequent suit for divorce instituted by appellee after the prior suit had been dismissed.

The judgment of the court allowing suit money and alimony

during the pendency of the suit for divorce is a final judgment on that matter, from which an appeal will lie. *Hecht* v. *Hecht,* 28 Ark. 92; *Countz* v. *Countz,* 30 Ark. 73; *Glenn* v. *Glenn,* 44 Ark. 46.

The judgment is therefore affirmed.

The petition for alimony, attorney's fees and costs in this court is overruled, except as to the $11.50 paid by her to the clerk.