## COOK *v.* STATE.

### Opinion delivered February 19, 1912.

1. SEDUCTION—CORROBORATION OF PROSECUTRIX.—Before a conviction of seduction can be had, it is necessary for the testimony of the prosecutrix to be corroborated both as to the promise of marriage and as to the sexual intercourse. (Page 365.)

2. SAME—EFFECT OF PROPOSAL TO MARRY.—It is no defense to a prosecution for seduction that after it was begun defendant proposed to marry the prosecutrix. (Page 365.)

3. WITNESSES—EXAMINATION—LEADING QUESTIONS.—It was not error to refuse to permit leading questions to be asked a witness. (Page 365.)

4. SEDUCTION—PRIVILEGE OF WITNESS—REMARKS OF COURT.—It was error, in a seduction case, after a witness has testified that he has had sexual intercourse with the prosecutrix, for the court to approve a statement of the prosecuting attorney that a witness can not be com-

pelled to testify in a seduction case that he has had sexual intercourse with the woman.   (Page 366.)

Appeal from Garland Circuit Court; *Calvin T. Cotham,* Judge; reversed.

*M. S. Cobb,* for appellant.

1.   Positive proof of specific acts of illicit intimacy is not required—general reputation is sufficient to show previous unchastity.   59 Kan. 237; 34 *Id.* 63; 77 Neb. 519; 47 N. J. L. 241; 59 *Id.* 1.

2.   While previous chastity is presumed, the presumption of defendant's innocence rebuts the former.   71 Ark. 398.

3.   The verdict does not conform to Kirby's Digest, § 2943.

4.   Appellant was willing to marry the prosecutrix—she refused.

5.   Evidence that prosecutrix was an orphan was inadmissible and improper.   115 Ill. App. 1157; 131 Mich. 474; 30 S. W. 369.

6.   Doctor Greeson should have been permitted to answer. His testimony corroborated other competent testimony as to the condition of prosecutrix and the probability of an abortion.

7.   Stallon's testimony was admissible.   34 Ark. 485; 93 *Id.* 260.

8.   A man can be compelled to state whether he has had sexual intercourse with the prosecutrix in a seduction case. *Polk* v. *State,* 40 Ark. 482, is not the law.   The expression is dictum and not binding.   14 Cyc. 286; 20 Am. Rep. 451; 1 Ariz. 99; 16 How. (U. S.) 275.   Authority of opinions is limited to the points decided.   6 Wheat. (U. S.) 264; 3 Cyc. 494; 57 Ark. 473; 3 Nev. 566; 21 Am. Rep. 192; 11 Cyc. 755.   Prosecuting attorney's statement and the judge's remarks were ill-advised. Neither fornication nor adultery are crimes under our statutes unless within the degrees prohibited.   60 Ark. 259.

9.   Wheatley's testimony was not privileged.   67 Ark. 163; 78 *Id.* 762; Underhill on Cr. Ev. (2 ed.) 447; 2 Elliott on Ev. § 1005; 47 N. H. 113; 52 W. Va. 132, 296; 36 Mo. 400.

10.   The court's statement was an oral charge to the jury and contrary to law.   Const. art. 7, § 23; 51 Ark. 184.

*Hal. L. Norwood,* Attorney General, and *Wm. H. Rector,* Assistant, for appellee.

1.　In seduction the character of the seduced is at stake, not her general reputation.　Actual personal chastity may be impeached by proof of acts of incontinence before the seduction.　40 Ark. 182; 71 *Id.* 398; 77 *Id.* 23; 84 *Id.* 67.

2.　Defendant can not complain of the minimum punishment.　Kirby's Digest, § 2043.

3.　It was competent to show why Belle Smith lived with her uncle.

4.　Where one upon cross examination asks certain immaterial questions he is bound by the answers, and can not contradict them.　99 Ark. 604; 93 Ark. 260.

5.　If *Polk* v. *State,* 40 Ark. 482, is the law, neither the remarks of the State's attorney nor the court were error.

HART, J.　This is an appeal from a judgment convicting Arthur Cook of the crime of seduction.　In such cases, before a conviction can be had, it is necessary for the testimony of the prosecutrix to be corroborated both as to the promise of marriage and the sexual intercourse.　*Rucker* v. *State,* 77 Ark. 23; *Lasater* v. *State, Ib.* 468; *Wilhite* v. *State,* 84 Ark. 67; *Cooper* v. *State,* 86 Ark. 30; *Rogers* v. *State,* 101 Ark. 45.

Tested by this rule, a verdict of guilty was warranted by the evidence, and, the sufficiency of the evidence to support the verdict not being questioned, no useful purpose can be served by abstracting the testimony.

The prosecution is this case was first begun before a justice of the peace; after the trial there, and before the prosecutrix went before the grand jury, the defendant expressed his willingness to marry her, and now offers this as a reason why the judgment should be reversed.

The fact that, after a prosecution for seduction was begun, he proposed to marry the female does not constitute a defense to the prosecution.　*Carrens* v. *State,* 77 Ark. 16; *Lasater* v. *State,* 77 Ark. 468.

It is next insisted that the court erred in refusing to allow Doctor Greeson, a witness in the case, to answer certain questions asked him.　The court sustained the objection of the State to the questions because they were leading and suggested their answers, but told counsel for defendant that if he would frame

his questions in proper form the answers could be stated in evidence. Counsel for defendant declined to do this, and the defendant can not now complain of the action of the court.

Bettus Wheatly, a young man seventeen years of age, testified that for several years prior to the time of the alleged seduction he had been in the habit of having sexual intercourse with the prosecutrix. The prosecuting attorney in his closing argument to the jury, in commenting on this witness' testimony, said: "He don't have to tell it; you can not put a man on the stand and force him to tell it; he can get up there and refuse to tell it; that is the law." The defendant objected to this statement being made to the jury. The prosecuting attorney then said: "I say you can not make a man come in here and testify in a seduction case that he has had sexual intercourse with a woman." The court then said: "Yes, that is the law; that is a correct statement." The defendant excepted to the court's statement. The prosecuting attorney then said: "A man that will go out and have sexual intercourse that many times and then come in here 'and spit it out, I say he ought not to have communion with honest men."

The Attorney General contends that the statement of law made by the prosecuting attorney and sanctioned by the court is correct, and relies on the case of *Polk* v. *State,* 40 Ark. 482, to sustain his contention. It is true that Judge SMITH, in delivering the opinion in that case, uses language from which it might be inferred that this is the law, but a careful consideration of the whole opinion convinces us that the court did not mean so to decide. In that case the court held that the character of the prosecutrix is involved in a seduction case, and that it may be impeached by particular instances of incontinence occurring before the seduction. In any event, the language attributable to the decision of this question was *obiter dictum* and is not the law. There is no statute in this State making fornication or adultery indictable. *Turney* v. *State,* 60 Ark. 259. Neither are they indictable as a common law offense, except in cases of open lewdness amounting to nuisance. *Krouse* v. *State,* 16 Ark. 566; 19 Cyc. 1435. American Criminal Law (Desty) § § 88a-113a; 1 Bishop, New Criminal Law, § 38.

Under the authorities above cited the previous unchastity

of the prosecutrix may be shown as a matter of defense, and the witness could not refuse to testify on the ground that he would incriminate himself, because, as we have seen, he was guilty of no indictable offense because he had had sexual intercourse with the prosecutrix.   It is well settled that a witness is not bound to make answer to a question which will subject him to disgrace or tend to degrade him unless the evidence is material to the issue on trial, or unless it tends to impeach his credibility under principles which it is not necessary here to discuss.   From what we have said above, it is apparent that the evidence was material to the issue on trial, and the witness was therefore bound to testify as to the acts of sexual intercourse between himself and the prosecutrix.   The action ·of the court in stating that the witness was not bound to testify as to his acts of intercourse with the prosecutrix had a tendency to affect the credibility of the witness before the jury, and therefore was necessarily prejudicial to the rights of the defendant; for the testimony of the witness was a material issue in the case, and the facts testified to by him were relied on by the defendant as a defense to the prosecution.   For this error the judgment must be reversed and the cause remanded for a new trial.