## BABB *v.* EL DORADO.

### Opinion delivered January 11, 1926.

1. STATUTE—IMPLIED REPEAL.—The repeal of any law merely by implication is not favored, and the repeal will not be allowed unless the implication is clear and irresistible.

2. STATUTES—IMPLIED REPEAL.—Where the provisions of two statutes' are in irreconcilable conflict with each other, there is an implied repeal by the later one which governs the subject, so far as relates to the conflicting provisions, and to that extent only.

3. STATUTES—IMPLIED REPEAL.—A repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute, and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new.

4. CONSTITUTIONAL LAW—REPEAL OF AMENDMENT.—The amendment adopted in 1918 purporting to be an amendment of § 1 of art. 16 of the Constitution, which authorized counties, cities and towns of one thousand inhabitants to issue bonds to fund their debts and to construct certain public improvements, was

impliedly repealed by amendment No. 11, adopted in 1924, purporting to amend § 4 of art. 12 of the Constitution, which limited the purpose for which bonds might be issued by counties, cities and towns to the payment of existing indebtedness, both because there is an irreconcilable conflict between the two amendments, and because the later amendment covers the subject-matter of the former amendment.

Appeal from Union Chancery Court, Second Division; *George M. LeCroy,* Chancellor; reversed.

*Moorehead & Brand,* for appellant.

*J. G. Ragsdale* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

*T. W. Campbell* and *J. C. Marshall, amici curiae.*

McCULLOCH, C. J.    The city of El Dorado, acting through its city council, is about to issue bonds, aggregating the sum of $150,000, to raise funds for the purpose of constructing a new city hall, and is also about to levy a special tax, in addition to the five-mill tax authorized by the Constitution, in order to make payments of the bonds as they fall due. The city asserts the power to issue the bonds and levy the special tax under an amendment to the Constitution initiated by the people and voted on at the general election in the year 1918. The measure, according to the recitals of the caption, purports to be an amendment to § 1, art. 16, of the Constitution, which reads as follows:

"Section 1.    Neither the State nor any city, county, town or other municipality in this State shall ever loan its credit for any purpose whatever; nor shall any county, city, town or municipality ever issue any interest-bearing evidences of indebtedness, except such bonds as may be authorized by law to provide for and secure the payment of the present existing indebtedness, and the State shall never issue any interest-bearing treasury warrants or scrip."

The measure re-adopts in full the section quoted above and then adds to it a provision authorizing incorporated towns of one thousand or more population and cities of the first and second class to issue interest-bear-

ing bonds for the purpose of funding or refunding existing indebtedness incurred prior to the adoption of the amendment, and also for the purpose of raising funds to construct any of the public improvements enumerated, which include the purchase or construction of city halls, and also authorizes the levy of a special tax of not exceeding five mills on the dollar to raise funds to pay said bonds when due.

Appellant is a citizen and tax-payer in the city, and he instituted this action to restrain the officers of the city from taking any further proceedings toward the issuance of the bonds and levying the tax.

The court sustained a demurrer and dismissed the complaint, and an appeal has been prosecuted to this court.

The amendment referred to was declared, at the time of the announcement of the result of the election, not to have been adopted and has remained in desuetude until the present time, but it is now conceded by counsel on both sides that, under the decision of this court in *Brickhouse* v. *Hill*, 167 Ark. 513, it received the requisite number of votes to adopt it, that is to say, a majority of those voting on the question; and the only contention made by appellant is that it was superseded and repealed by the more recent amendment known as number 11, which was adopted at the general election in the year 1924.

Amendment No. 11 makes an addition to § 4 of art. 12 of the Constitution by a provision authorizing counties, cities and incorporated towns to issue bonds to secure funds to pay indebtedness existing at the time of the adoption of the amendment and to levy an additional tax not exceeding three mills on the dollar to raise funds to pay the bonds as they mature. This amendment contains a further declaration as follows:

"The fiscal affairs of counties, cities and incorporated towns shall be conducted on a sound financial basis, and no county court or levying board or agent of any

county shall make or authorize any contract or make any allowance for any purpose whatsoever in excess of the revenue from all sources for the fiscal year in which said contract or allowance is made; nor shall any county judge, county clerk, or any other county officer sign or issue any scrip, warrant, or make any allowance in excess of the revenue from all sources for the current fiscal year; nor shall any city council, board of aldermen, board of public affairs, or commissioners of any city of the first or second class, or any incorporated town, enter into any contract or make any allowances for any purpose whatsoever or authorize the issuance of any contract or warrants, scrip or other evidences of indebtedness, in excess of the revenue for such city or town for the current fiscal years; nor shall any mayor, city clerk, or recorder, or any other officer or officers, however designated, or any city of the first or second class or incorporated town, sign or issue any scrip, warrant or other certificate of indebtedness in excess of the revenue from all sources for the current fiscal year.''

Amendment No. 11 does not expressly repeal any existing provisions of the Constitution, and, if any repeal was effected thereby, it is merely implied from the force of the various provisions of this amendment.

It is a principle of universal recognition that the repeal of a law merely by implication is not favored, and that the repeal will not be allowed unless the implication is clear and irresistible; but there are two familiar rules or classifications applicable in determining whether or not there has been such repeal. One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one which governs the subject so far as relates to the conflicting provisions, and to that extent only. *C. R. I. & P. Ry. Co.* v. *McElroy,* 92 Ark. 600; *Carpenter* v. *Little Rock,* 101 Ark. 238; *Eubanks* v. *Futrell,* 112 Ark. 437. The other one is that a repeal by implication is accomplished where the Legislature takes up the whole

subject anew and covers the entire ground of the subject-matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new. *Lawyer* v. *Carpenter*, 80 Ark. 411; *Western Union Tel. Co.* v. *State,* 82 Ark. 302. In the recent case of *Mays* v. *Phillips County,* 168 Ark. 829, we quoted the following statement of the rule from the opinion of Mr. Justice Field in *United States* v. *Tynen,* 11 Wall. 88.

"When there are two acts on the same subject, the rule is to give effect to both if possible. But if the two are repugnant in any of their provisions, the later act, without any repealing clause, operates to the extent of the repugnancy as a repeal of the first; and, even where two acts are not in express terms repugnant, yet, if the latter act covers the whole subject of the first, and embraces new provisions, plainly showing that it was intended as a substitute for the first act, it will operate as a repeal of that act."

It seems clear to us, upon consideration of the language of both of these amendments, that there was, under the application of either of these rules or classifications, a repeal by amendment No. 11 of the authority conferred by the amendment of 1918 upon cities and towns to issue bonds and to levy a special tax. There is absolute and invincible repugnancy between the two amendments in relation to that subject so as to accomplish a repeal to the extent of the repugnancy. The amendment of 1918 authorizes the issuance of bonds, not only to pay indebtedness existing at the time of its adoption, but also to raise funds to construct various public improvements enumerated in the measure; but amendment No. 11 in express terms limits the issuance of bonds to the payment of indebtedness existing at the time of the adoption of the amendment, and it inhibits the issuance of "any scrip, warrant or other certificate of indebtedness in excess of the revenues from all sources for the current fiscal year." The language of amendment No. 11 is too clear to admit

of any construction which would harmonize it with the continued existence of authority under the amendment of 1918 to issue bonds. The language cannot be restricted in its operation, as contended by learned counsel for appellee, to the mere issuance of warrants or evidences of debt for current expenses. This court decided in *Kirk* v. *High,* 169 Ark. 152, that amendment No. 11 prohibited the issuance of warrants or other evidences of indebtedness in excess of the revenues for the current year, and this without any exception whatever.

The vital point of the amendment of 1918 is the authority to issue bonds, and with that repealed there is nothing left to it except the restatement of the original § 1 of art. 16 of the Constitution.

We are also of the opinion that a comparison of the language of the two amendments brings the case within the operation of the other rule, where the lawmakers have taken up the subject anew and have thereby substituted the new provision for the former one. We think it is evident that amendment No. 11 is a complete substitution for the whole provision in the amendment of 1918 with reference to the issuance of bonds, and leaves nothing of that amendment except the restatement of the original § 1 of art. 16.

In considering the question of repeal by substitution, the fact that the first amendment purports to be an amendment of § 1 of art. 16, and amendment No. 11 is an amendment of § 4, art. 12, is not important. Amendment No. 11 contains the distinct provisions which are applicable, regardless of the particular place in which it is inserted in the Constitution, and the fact that it is annexed to § 4 of art. 12 does not lessen its effect in repealing the conflicting provisions of the former amendment. If we consider the "history of the times," as we are permitted to do under some circumstances (*Hartford Fire Insurance Co.* v. *State,* 76 Ark. 303), we know that the amendment of 1918 was treated as having failed of adoption, and it was declared not to be adopted, and was

so regarded at the time that amendment No. 11 was submitted. The conclusion is irresistible that the Legislature, in framing the proposed amendment which was adopted as No. 11, were considering the whole subject anew and intended to cover the whole subject to the extent deemed advisable in conferring authority upon counties, cities, and towns to issue bonds except for the purpose of paying indebtedness incurred prior to the adoption of the Constitution of 1874. The whole purpose of the amendment, as we said in *Kirk* v. *High, supra,* was to help counties, cities and towns to get out of debt and to require them to stay out of debt, and the language of the amendment was unmistakable, so far as it restricted the authority to issue bonds.

The decision of the chancery court was erroneous, and the decree is therefore reversed, and the cause remanded with directions to overrule the demurrer to the complaint, and for further proceedings.