GENERAL BOX COMPANY *v.* SCURLOCK, COMMISSIONER OF REVENUES.

5-508                                              271 S. W. 2d 40

Opinion delivered July 5, 1954.

[Rehearing denied October 4, 1954.]

*Moore, Burrow, Chowning & Mitchell* and *W. P. Hamilton, Jr.,* for appellant.

*O. T. Ward,* for appellee.

GEORGE ROSE SMITH, J. This case has not yet been submitted for decision on the merits. The appellant has filed a motion asking that the appellee's cross-appeal be dismissed, for the reason that the appellee failed to file a notice of appeal within thirty days after the entry of the decree below. The appellee contends that his cross-appeal was properly taken; but he asks that, if this contention be overruled, a cross-appeal be granted by this court.

The appellant brought this suit to recover income taxes paid under protest. In his answer and cross-complaint the appellee opposed the claim for refund and asserted that additional taxes were owed. By a decree entered on January 18, 1954, the chancellor dismissed both the complaint and the cross-complaint for want of equity. The decree recites that the plaintiff prays and is granted an appeal and that the defendant prays and is granted a cross-appeal. The appellant filed its notice of appeal on February 15, but the appellee did not file a notice of appeal.

Since the decree was entered after January 10, 1954, the case is governed by Act 555 of 1953. Supreme Court Rule 26; *Norfleet* v. *Norfleet,* 223 Ark. 751, 268 S. W. 2d 387. Inasmuch as the appellant's motion presents important questions concerning the construction of Act 555, we have thought it better to dispose of the motion by an opinion than by a *per curiam* order.

Act 555 is a comprehensive statute governing the time for taking appeals in civil cases, the method of taking such appeals, the manner in which the record is to be prepared, and various related matters. The question now before us is to what extent Act 555 has repealed by implication earlier statutes relating to cross-appeals. There are two familiar rules that are helpful in determining whether a repeal by implication has occurred. "One is that, where the provisions of two statutes are in irreconcilable conflict with each other, there is an implied repeal by the later one which governs the subject so far as relates to the conflicting provisions, and to that extent only. . . . The other one is that a repeal by implication is accomplished where the Legislature takes up the whole subject anew and covers the entire ground of the subject-matter of a former statute and evidently intends it as a substitute, although there may be in the old law provisions not embraced in the new." *Babb* v. *El Dorado,* 170 Ark. 10, 278 S. W. 649.

Act 555 plainly falls within the scope of the latter rule. By this Act the legislature effected a complete re-

vision of the law governing appellate procedure in civil suits. Hence the fact that earlier statutes empowered the trial court to grant a cross-appeal is not controlling; we must look to Act 555 alone for the procedure now to be followed.

We have not the slightest doubt that under Act 555 the filing of a notice of appeal within the time allowed is a jurisdictional prerequisite to the perfection of a cross-appeal. Section 2 of the Act (Ark. Stats., 1947, § 27-2106.1) provides that "any party" to the action may appeal by filing a notice of appeal within thirty days from the entry of the judgment or decree. Section 8 (§ 27-2127.2) states that if the appellee files the original designation of the record (which he would hardly do unless he too were appealing), the parties shall proceed as if the appellee were the appellant. It seems clear that the appellee would not become the appellant without having filed a notice of appeal. Section 18 (§ 27-2127.10) requires that a single record be used when more than one appeal is taken from the same judgment or decree. Nowhere in the Act is there the slightest indication that the appellee may take his appeal in a different manner from that prescribed for the appellant. In the federal courts, whose rules were used as a guide in the drafting of Act 555, an appellee who desires to cross-appeal must proceed in the same manner as an appellant. Cyclopedia of Federal Procedure (3rd Ed.), § 60.82.

Here the appellee did not file a notice of appeal, but the decree does recite that he prayed and was granted a cross-appeal. We do not think that this recital constitutes a substantial compliance with the requirement that a notice of appeal be filed. The theory of the former practice was that the trial court actually granted the appeal, even though it was à matter of right, and consequently the court's action was appropriately embodied in its decree. But the theory of legislation such as Act 555 is that the aggrieved litigant himself takes the appeal, simply by filing the required notice with the clerk. The decree represents the action of the court, not that of the litigant, and it is just as inappropriate for the

court to give notice of appeal as it would be for that tribunal to designate the contents of the record, to specify the points to be relied upon, etc. Indeed, if it were not for the fact that in the past the appeal has properly and customarily been granted by the court's decree, we do not suppose that any one would seriously contend that Act 555 contemplates or authorizes that procedure. As we have indicated, we are construing Act 555 as a complete revision of the law in this particular field, and when we confine our study to the Act itself we discern no reasonable basis for saying that the recital in this decree substantially complies with the mandatory requirement that notice of appeal be filed with the clerk of the trial court.

What we have already said pretty well disposes of the appellee's request that this court grant his cross-appeal. That request is bottomed upon the former statute authorizing us to allow a cross-appeal at any time before the case is submitted. Ark. Stats., § 27-2137. It is evident that this statute was superseded when the legislature took up the subject anew and enacted a comprehensive law that was intended to be a substitute for pre-existing statutes relating to appeals and cross-appeals.

As a matter of fact, there is no longer any need for this court to have the power to grant a delayed cross-appeal. By the former practice the trial court could grant both the appeal and the cross-appeal, and if the record were lodged in this court within ninety days both appeals would be heard. But the appellant could, if he chose, delay the filing of the record until the last day of the six months then allowed, thereby permitting the appeals granted by the trial court to lapse. By then obtaining his direct appeal in this court at the eleventh hour the appellant might have circumvented the cross-appeal had we not been empowered to grant it after the expiration of the six months allowed for the direct appeal. Act 555 eliminates this difficulty, as the whole matter is now concentrated in the trial court. It is now a simple matter for a litigant who is substantially but not completely satisfied with the judgment to file a notice of appeal as a

precautionary measure. If his opponent eventually takes the case to this court the notice protects the cross-appeal; otherwise it may be abandoned or dismissed in the trial court under § 2 of Act 555. In no event is there any real reason, as there was before, for this court to grant the cross-appeal.

The cross-appeal allowed by the decree below is dismissed; the prayer that a cross-appeal be granted by this court is denied.

ED. F. McFADDIN, Associate Justice, (dissenting). The majority opinion is most alarming. It says that in Act 555 of 1953 the Legislature took up the entire subject matter of appellate procedure in civil cases, and substituted Act 555 for all such provisions previously existing. Here are two statements in the majority opinion which indicate the extent of the holding:

(1) "By this Act the Legislature effected a complete revision of the law governing appellate procedure in civil suits."

(2) "As we have indicated, we are construing Act 555 as a complete revision of the law in this particular field . . . "

If the majority holding be as I understand it, then the savings clause for minors and insane persons in § 27-2106 Ark. Stats. is abolished, and various other provisions are abolished. I cannot agree with the majority opinion: hence this dissent.

That Act 555 is taken from some of the Federal rules is true; but at most Act 555 is a patchwork of only *some* of the Federal rules. Below I give in parallel columns: (a) each section of Act 555 numbered *seriatim;* and (b)

the number of the Federal rule from which each such section was copied or modeled:

[1] There are several instances of material modification, but this table serves as a ready reference for comparative purposes.

| Section No. of Act 555 | Number of Federal Rule from which such section was copied or modified. |
|---|---|
| 1 | 74 |
| 2 | 73 (a) |
| 3 | 73 (b) |
| 4 | 73 (c) |
| 5 | 73 (d) |
| 6 | 73 (e) |
| 7 | 73 (f) |
| 8 | 75 (a) |
| 9 | 75 (b) |
| 10 | 75 (c) |
| 11 | 75 (d) |
| 12 | 75 (e) |
| 13 | 75 (f) |
| 14 | 75 (g) |
| 15 | 75 (h) |
| 16 | 75 (i) |
| 17 | 75 (j) |
| 18 | 75 (k) |
| 19 | 75 (n) |
| 20 | 73 (g) |
| 21 | 46 |

The foregoing table shows that in Act 555 only Federal rules 46, 73, 74 and 75 were concerned. One of the dangers in adopting some part of a law from another

jurisdiction is that the portion selected is all too frequently interwoven with other portions that precede and follow the particular part, and these "other portions" are not found in our Statutes. Another danger in accepting a law from some other jurisdiction is the fact that frequently the law adopted does not fit into our existing law, and yet the new law contains no express repealing clause. Both of these dangers are exemplified in Act 555.[2] By that Act the Legislature selected portions of four of the Federal rules on civil procedure. Since there are eighty-six of these Federal rules, it is very easy to see that selecting four out of eighty-six leaves much to be desired as regards a complete set of rules. Again, Act 555 contains no express repealing clause; and it is therefore difficult to tell just which of our previously existing Statutes are repealed by implication and which are left in force. The result is to add confusion in the matter of appellate procedure, whereas we had a fairly well understood system before the adoption of Act 555. The desire to "be like the Federal system" is certainly at variance with the idea of our founding fathers, who thought that each State would retain its individuality.

When Act 555 was adopted, this Court issued a rule, under date of June 8, 1953, by which appeals might be taken either under Act 555 of 1953 or under the earlier Statutes.[3] In other words, we then construed Act 555 as

---

[2] Our earliest compilation of Statutes was the Revised Statutes of 1838, adopted shortly after Statehood. Albert Pike, the great Mason, wrote the preface to that volume; and pointed out most vividly the evils of constantly changing existing laws and remedies. Here are typical sentences from Pike's preface: "Change and innovation in the law is generally a great evil, and every alteration in existing Statutes should be made slowly, cautiously, and with due deliberation." And again, Albert Pike said in his preface: "Crude and incongruous laws, hatched in prolific brains, and passed in haste and without consideration, load our Statute books, confuse people, lawyers and judges, create litigation and unsettle civil rights. Too much legislation is truly a curse. Hardly has the construction of one law been finally settled by the Supreme Court, at an expense to the litigants of thousands often, before another takes its place, more ambiguous in terms, and needing new adjudication before it can become a safe rule of action."

[3] This rule read: "The Court expects, within the near future, to revise its rules with a view of harmonization with Act 555 of 1953. Pending that action, the Court under its inherent rule-making power, authorizes litigants (at their option) to proceed under Act 555 or under the earlier Statutes—which by reference are hereby adopted as temporary rules of the Court—and the present rules of the Court."

being an alternative method of appeal. Those who wanted "to be like the Federal system" could take their appeal by Act 555; and those who wanted to "continue in the good, old-fashioned way" could ignore Act 555. This rule of June 8, 1953, seemed to me most sensible; and under it no one could have been hurt and litigants would not have lost their rights because some attorney failed to understand the full effect of the changed law. Particularly did I favor this alternative procedure, since Act 555 had no express repealing clause. We already had two statutes regarding appeals to the Supreme Court:[4] that is, an appeal could be prayed out of the Trial Court and prosecuted in 90 days;[5] or an appeal could be prayed out of the Supreme Court within six months from the date of judgment.[6] I took the view that Act 555 was only an additional method of appeal. That view prevailed from June 8, 1953, until January 10, 1954, when a revised publication of Rules of the Supreme Court contained Rule 26, which reads:

"Effective Date of Rules. These rules shall become effective on January 10, 1954, but this shall not affect any proper action taken before these rules became effective. The court's order of June 8, 1953, by which appeals might be taken either under Act 555 of 1953 or under the earlier statutes, is rescinded, with respect to all judgments or decrees entered after January 10, 1954."

So on all judgments and decrees entered after January 10, 1954, litigants who desire to appeal must pursue the course prescribed by Act 555. And what is that course? At most I had thought that Act 555 merely operated to impliedly repeal those sections of the pre-existing law with which it was in direct conflict; and that all other sections of the pre-existing law were left unaffected. But not so! In the present case, the majority says that in Act 555 the Legislature took up the entire subject matter of appellate procedure in civil cases and substituted Act 555 for every provision previously existing.

---

[4] This does not include § 27-2102 on time for appeal in injunction cases.

[5] See § 27-2127 Ark. Stats.

[6] See § 27-2106 Ark. Stats.

To indicate the effect of such holding, let us turn to Arkansas Statutes and see some of the sections that are thus repealed. Sections 27-2101 to 27-2156 of Ark. Stats. are listed under the headings "Appeals to the Supreme Court." If the majority means what it says, then all of these sections—from 27-2101 to 27-2156, inclusive—are repealed by said Act 555. One of these sections is § 27-2106, which says in part:

"An appeal or writ of error in a civil case shall not be granted, except within six months next after the rendition of the judgment order or decree sought to be reviewed, *unless the party applying therefor was an infant, or of unsound mind at the time of its rendition, in which cases an appeal or writ of error may be granted to such parties, or their legal representatives, within six months after the removal of their disabilities or death . . .*" (Italics our own.)[7]

I find no provision in Act 555 which contains any savings clause for minors or insane persons, so when the majority says that Act 555 takes the place of all the previous law on appellate procedure in civil cases, then the majority is certainly saying that this § 27-2106 is repealed by Act 555. I submit that by so holding, the majority is obliterating "by one fell swoop" all the law on a savings clause for minors and insane persons, insofar as concerns appeals in civil cases.[8] I cannot believe that the Legislature of 1953 so intended; and because of this point, if for no other, I must dissent from the present holding of the majority.

Furthermore, if the majority means what it says about Act 555 constituting a "complete revision of the law governing appellate procedure in civil suits," then I ask these questions:

---

[7] Act 213 of 1951 added a proviso to this section regarding method of extending time for transcript. It is not germane to the point here considered.

[8] This matter was discussed at the Legal Institute held in November, 1953. See 8 Ark. Law Review, page 5.

(a) If § 27-2131 is repealed by Act 555, where is there any law left to take care of the situation when the appellant dies pending appeal?

(b) If § 27-2132 is repealed, where is there left any law to take care of the situation where appellee dies pending appeal?

(c) If § 21-2130 is repealed, where is there left any law for the bringing of original papers?[9]

(d) If § 27-2142 and subsequent sections under the heading in the Digest, "Appeals to the Supreme Court," are repealed, then under what authority does the Court make rules, as provided in § 27-2142?

Surely the majority cannot mean that all these last numbered sections have been repealed; yet where is the line to be drawn? I submit it would be far better to hold that § 27-2137 on cross appeals to be granted by this Court had not been repealed by Act 555, than it is to hold—as the majority is now doing—that Act 555 has repealed all the previous law on appellate procedure in civil cases.

I maintain that Act 555 is *not* a complete and full revision of all of our law on appellate procedure in civil cases. Furthermore, I maintain that to hold that Act 555 is a complete repeal of all such laws, is to leave the Bar of Arkansas in absolute confusion on any questions, and is to wipe out all savings clauses for minors and insane persons in appeals in civil cases. How much better it would be for the majority to now hold that this Court can always grant a cross-appeal to an appellee! In the case at bar, the record shows that the General Box Company designated the record that it wanted brought to this Court. All the appellee wants us to do is to allow him to cross-appeal on the record that the General Box Company has designated. I cannot see why § 27-2137 should not be followed. At all events, I submit that the majority has assigned a reason for its opinion that will come back to plague us; and I respectfully dissent from the majority holding.

---

[9] Federal Rule 75 (o) has such a provision, but our Act 555 has not.