CITY OF STAMPS *v.* BEASLEY.

5-485                                    271 S. W. 2d 936

Opinion delivered October 25, 1954.

*Howard L. Wilkinson* and *Searcy & Searcy,* for appellant.

*Pat Robinson,* for appellee.

ROBINSON, J.   The appellee herein, Harold Beasley, recovered a judgment against the appellant, City of Stamps, for damages due to the taking of a strip of land belonging to the appellee and making such property so taken a part of the public street, and for damages to Beasley's remaining property by depositing thereon material left over from the construction of the pavement. There was a judgment for Beasley in the sum of $275; the City of Stamps has appealed.

The suit was filed by Beasley, and he alleges that by reason of the wrongful taking of his land he has been damaged in the sum of $300; and he alleges further damages in the sum of $100 by reason of sand, gravel, and clay having been deposited on his remaining property. The street was paved by an improvement district, the city actually doing the work under a contract with the district; there is no issue here as to proper parties to the litigation.

There are only two issues: whether the city owns an easement over the property used in construction of

the pavement, and the damages, if any, to the remaining property. The strip of land involved is 4'5" at one end and 1'3" at the other, and 98½' in length. It is the contention of Beasley that this strip of land belonged to him as a part of Block E and that it was taken over and paved by the appellant. It is the contention of the appellant that the strip of land in question is a part of the street as originally dedicated. Further the city contends that some sand and gravel left over from the construction of the street was placed on Beasley's property with his permission, and that he has suffered no damages thereby.

The testimony is in hopeless conflict as to the geographical location of the strip of land in question. Mr. W. L. King is the County Surveyor and has been for over 26 years; he was called as a witness by Beasley and introduced a plat of the City of Stamps and testified that the strip of ground in issue is a part of Block E belonging to the appellee. On the other hand, appellant introduced evidence, including the testimony of N. E. Graham, a civil engineer, that the land in question is a part of the dedicated street and not a portion of Block E. The Chancellor reached the conclusion that the strip of ground in question belonged to Beasley as a part of Block E of the City of Stamps before the taking, and that Beasley has been damaged in the sum of $275 by reason of the taking and the depositing of the residue material on his land. We can not say the Chancellor's findings are contrary to a preponderance of the evidence. By paying the judgment the city will have acquired an easement over the strip of ground in question.

The city further contends that even if the strip in question is a part of Block E, and not a part of the dedicated street, it has become a part of the street by prescription. It is true the undisputed evidence shows that the public, in using the street, encroached to some extent on the property belonging to Beasley. In fact, a few feet of Beasley's property were worked occasionally by the city with a road grader. However, the plat introduced in evidence shows the street to be 50' in width

134

where it is adjacent to Beasley's property, and there is no showing that the people using Beasley's land were doing so under a claim of right. The property was unenclosed, and it appears to have been worked by a grader due to uncertainty as to the property line rather than necessity or any claim of right by the city.

In *Boullioun* v. *Constantine*, 186 Ark. 625, 54 S. W. 2d 986, Mr. Justice Butler says: "During all this time, as well as now, the lands were unenclosed, and we do not think it was the duty of the owner, in order to preserve his title intact, to be continuously on his guard or to forbid his neighbors from using the property for their convenience. . . . Were the rule otherwise, there would be but few vacant lots in our cities and towns, and unenclosed property in the country which might not be burdened by easements of passageways, as it is a matter of common knowledge that by the indulgence and good nature of the owners people are allowed to go across these properties at will and until such time as the owners may desire to enclose them."

Affirmed.