STANLEY BROWN, ET AL v. MARYLAND CASUALTY CO., ET AL

5-4723                                              431 S.W. 2d 258

Opinion Delivered September 9, 1968

*Acchione & King* and *Joe H. Hardegree* for appellants.

*Hubert Mayes Jr., Wm. M. Clark* and *Ben Allen* for appellees.

GEORGE ROSE SMITH, Justice.    This motion by one of the appellees, Maryland Casualty Company, to dismiss the appeal of another appellee, Housing Authority of Pike County, requires us to construe the term ''cross appeal'' as it was used in a 1957 amendment to Act 555 of 1953, reading in part as follows:

"When an appeal is permitted by law from the Circuit, Chancery or Probate Court, any party to the action may appeal from a judgment or decree, by filing a notice of appeal within thirty (30) days from the entry of the judgment or decree appealed from. Any other party to the action may cross appeal from a judgment or decree by filing with the court in which the case is tried a notice of cross appeal within ten (10) days after the notice of appeal is served on such party." Ark. Stat. Ann. § 27-2106.1 (Repl. 1962).

The question is whether a notice of appeal filed by the Housing Authority thirty-one days after the entry of the judgment can be sustained as falling within the ten-day extension of time allowed by the statute for cross appeals.

The facts are not in dispute. By a judgment entered on January 2, 1968, Piling & Repairs, Inc., was given a $3,000 judgment against Con-Ark Builders, Inc.; Con-Ark was given a $6,023 judgment against Maryland Casualty Company; and Maryland Casualty was given judgment over against Stanley Brown, R. W. Laird, and the Housing Authority for the amount of Con-Ark's judgment.

On January 31 Brown and Laird filed a notice of appeal, designating Piling & Repairs, Con-Ark, and Maryland Casualty as appellees. On February 1, the last day of the 30-day period allowed for filing notice of appeal, Con-Ark filed such a notice, designating Piling & Repairs as the appellee. The next day, February 2, the Housing Authority filed a notice of appeal designating Piling & Repairs, Con-Ark, and Maryland Casualty as appellees. On February 10 Maryland Casualty filed a notice of cross appeal as against Con-Ark.

Maryland Casualty's motion to dismiss is based upon the fact that the Housing Authority was not named as an appellee in the first two notices of appeal.

Hence, it is argued, the Housing Authority was really a direct appellant and should therefore have filed its notice of direct appeal within thirty days after the entry of the judgment.

The term "cross appeal" has appeared in our statutes ever since the enactment of the Civil Code in 1869, but it has never been entirely free from ambiguity. The provision in the Civil Code seemed to be unmistakably clear:

> "The appellee, at any time before trial, by an entry upon the records of the Supreme Court, may pray and obtain a cross-appeal against the appellant, or any co-appellee, in whose favor any question is decided prejudicial to such party." Civil Code, § 878; Pope's Digest (1937), § 2772; Ark. Stat Ann. § 27-2137 (Repl. 1962), where the compiler rightly states that this Civil Code section has been superseded.

The Code stated that an appellee might obtain a cross appeal against "any co-appellee" in whose favor any question prejudicial to the cross appellant had been decided. We construed the section narrowly, however, by holding that "any co-appellee" did not mean every appellee, but only those who were parties to a controversy with the original appellant. In reaching that conclusion we stated that the question was a difficult one. *Shapard* v. *Mixon,* 122 Ark. 530, 184 S.W. 399 (1916), followed in *Myers* v. *Linebarger,* 144 Ark. 389, 222 S.W. 720 (1920). We ourselves became confused, however, because we said in *Corey* v. *Mercantile Ins. Co.,* 205 Ark. 546, 169 S.W. 2d 655 (1943): "An appeal by an appellee against a party who has not appealed is in effect an original appeal and must be prayed within six months from the rendition of the judgment." Of course that statement was inaccurate, because an appellee had a limited right of cross appeal against co-appellees, regardless of whether they had themselves appealed.

The Civil Code section was repealed by Act 555 of 1953, which originally made no reference to cross appeals and merely provided in § 2 that "any party" might appeal by filing a notice of appeal within thirty days after the entry of the judgment. In construing the original act we held in 1954 that all notices of appeal, whether direct or cross, had to be filed within the thirty days. *General Box Co. v. Scurlock,* 223 Ark. 967, 271 S.W. 2d 40. In that opinion we pointed out that a party who did not want to appeal unless another party decided to do so might protect himself against the possibility of a last-minute adverse appeal by filing a precautionary notice of appeal himself.

The legislature evidently did not consider the filing of such a precautionary notice of appeal to be an adequate solution to the problem, because in 1957 it amended § 2 of Act 555 to read as it does now. After providing that any party may appeal within thirty days after the entry of the judgment the amended statute goes on to say: "*Any other party to the action* [our italics] may cross appeal . . . by filing . . . a notice of cross appeal within ten (10) days after the notice of appeal is served on such party."

Maryland Casualty argues in effect that the 1957 reference to a cross appeal should be limited just as it was a century ago in the Civil Code, so that the Housing Authority should be treated as a direct appellant rather than as a cross appellant.

This argument, in our opinion, misconstrues the intent of the 1957 amendment. The statute explicitly declares that "[a]ny other party to the action" may take a cross appeal. If the right of cross appeal is limited to the somewhat nebulous meaning that it had in the Civil Code, then the reference to any other party is much too broad, because in most instances no party would meet the narrow qualifications of a cross appellant. On the other hand, if the 1957 reference to a

cross appeal simply means a second or subsequent appeal, then the phrase "any other party" carries its ordinary and natural meaning.

We are convinced that the legislature, in amending Act 555, meant to prevent possible injustices stemming from last-minute appeals. Suppose, for example, that a plaintiff recovers a $5,000 personal injury judgment against John Doe and Richard Roe, both solvent, and the jury apportions the fault in the ratio of 99% to Doe and 1% to Roe. Absent an appeal, Roe expects to pay only $50 of the recovery. But if Doe should file a notice of appeal at the last minute and obtain a reversal and dismissal as to him, Roe would be bound to pay the entire $5,000. Under the old conception of a cross appeal Roe could protect himself only by filing a precautionary notice of appeal, as we suggested in the *Scurlock* case. We think the statute was amended to provide for that very contingency. Consequently we hold that the effect of the 1957 legislation was to extend the time for any second or subsequent appeal, whether direct or cross, for a period of ten days after the service of notice of the first appeal. We do not imply that the ten-day provision would ever shorten a litigant's time for filing notice of appeal to a period less than the basic thirty days allowed by the statute.

The motion to dismiss the Housing Authority's appeal is denied.