Sandra NORTHCUTT *v.* Robert NORTHCUTT

5-5250                                         458 S. W. 2d 746

Opinion delivered October 19, 1970

*Hodges, Hodges & Hodges,* for appellant.

*J. F. Sloan III,* for appellee.

GEORGE ROSE SMITH, Justice. In the trial court the appellee husband obtained a divorce on the ground of adultery and was awarded custody of the couple's two-year-old son, Marty, subject to specified visitation rights in the mother. The appellant, in seeking a reversal on both points, concedes that only questions of fact are presented for review.

We find the decree to be supported by the weight of the evidence. The appellee, his parents, and another witness not related to the parties gave testimony from which the chancellor could and did find that on at least two occasions the appellant spent the night at the home of her alleged paramour. The appellant admitted having spent several nights in the man's home, but she said that he was not there on those nights. The man himself did not testify. Both instances occurred before the appellee's counterclaim was filed on December 6, 1968; hence it cannot be said that the asserted misconduct was pleaded prematurely. *Thomas* v. *Thomas,* 208 Ark. 20, 184 S. W. 2d 812 (1945); *Spurlock* v. *Spurlock,* 80 Ark. 37, 96 S. W. 753 (1906). There was other testimony, which we need not detail, of a corroborative nature.

The issue of custody presents a somewhat closer question, primarily because we are inclined to favor the mother when the child is very young. Nevertheless we cannot say that the chancellor's award of custody to the father is contrary to the preponderance of the proof. The mother's unfitness is indicated not only by her illicit association with her paramour but also by her conduct in taking the child along with her when she went to the man's home or rode with him in his car. There is much evidence to show that the child was not kept as clean as he should have been while he was living with the appellant. On the other hand, the home of the appellee's parents—where the child will reside —is shown to be a suitable place for his upbringing. In fact, the appellant stated in her testimony that the

appellee's mother had done "a good job" in taking care of the child from time to time during the couple's separation. On the record as a whole we are unable to say that the trial court was wrong in reaching his decision.

Finally, the allowance of an attorney's fee to the wife is not, as counsel suggests, a matter of right, regardless of the outcome of the case. *Hodge* v. *Hodge*, 161 Ark. 299, 255 S. W. 1090 (1923). In the case at bar it does not appear that the chancellor abused his discretion in refusing to make such an allowance.

Affirmed.