Larry David MILNE *v.*
Susan Kay MILNE

CA 79-110                                     587 S.W. 2d 229

Opinion delivered September 12, 1979
and released for publication October 4, 1979

*Lessenberry & Carpenter,* for appellant.

*Howell, Price, Howell,* for appellee.

DAVID NEWBERN, Judge. The appellant filed his complaint for divorce, alleging general indignities, on October 28, 1977. The appellee responded with her answer and counterclaim for separate maintenance (divorce from bed and board) on November 3, 1977. There was some discovery activity, and one hearing was postponed at the request of the appellant. On February 10, 1978, the appellee filed an amendment to her counterclaim, alleging the appellant committed adultery while the parties were living together as husband and wife, but still praying only for separate maintenance.

A motion to strike the amendment alleged it was im-

proper because the appellant believed it had reference to adulterous acts by him which occurred after the parties had separated and the complaint and original counterclaim had been filed. The motion to strike urged that the appellee should not be allowed so to amend after the statutory time for filing her counterclaim had expired. The record does not disclose the disposition of that motion. The appellee's counterclaim for separate maintenance was granted, but whether on the basis of her original allegation of indignities or on the added allegation of adultery we do not know. For our purposes, it does not matter.

For reversal, the appellant first contends his plea for a divorce on the indignities ground should have been granted. His allegations and proof were that there had been some nagging and some indiscreet remarks and actions, including attendance at Al-Anon meetings, by his wife amounting to accusations made to social acquaintances and professional colleagues and superiors that the appellant was an alcoholic. On oral argument, counsel for the appellant conceded the testimony on this was "vague." We find no error in the chancellor's finding that the appellant had not satisfactorily shown that indignities had been committed by the appellee. While we abhor the double standard applied in this state in contested and uncontested divorce cases, we find the law to be that, in contested cases, indignities do not exist absent "habitual, continuous, permanent and plain manifestation of settled hate, alienation and estrangement on the part of one spouse, sufficient to render the condition of the other intolerable." *Welch v. Welch,* 254 Ark. 84, 491 S.W. 2d 598 (1973), and Ark. Stat. Ann. § 34-1202 (Repl. 1962). Certainly such a standard of proof was not met in this case.

The appellant more seriously contends that he should have been granted a divorce because the appellee's counterclaim alleged adultery which she then failed to prove. The appellant admitted at trial that he had had sexual relations with a person other than the one to whom he was married, but his point here is that his act should not be considered proven by the appellee because it occurred after the original pleadings were filed and the time for filing an answer

or counterclaim had elapsed. His complicated contention is that he should be granted a divorce because the appellee has made an allegation, albeit accurate, of adultery against him but she should have been precluded from proof of it because the act occurred after the parties separated and after the time for the first responsive pleading by the appellee had passed. We attach no significance to the failure of the appellee to prove the adultery occurred while the parties were "living together," as she alleged, as our definition of "adultery" includes sexual intercourse by a married person with a person who is not his or her spouse, regardless whether the person accused is living with his spouse.

The case coming closest to supporting the appellant's theory is *Spurlock v. Spurlock,* 80 Ark. 37, 96 S.W. 753 (1906), where the Arkansas Supreme Court said, to be a ground for divorce, adultery must have occurred before the commencement of the action. This was an interpretation of *Kirby's Digest,* § 2678, which is now Ark. Stat. Ann. § 34-1208 (Repl. 1962), and which says the ground must have existed within five years "next before the commencement of this suit." We need not go into whether that statute, which is obviously just a statute of limitation, was really intended to bar an amendment to a counterclaim so that it alleges adultery which occurs after the commencement of a suit for divorce. We must keep in mind we are not evaluating the appellee's entitlement to relief. Rather, we are trying to determine whether the appellant should have been granted a divorce because of the adultery allegation of the appellee. Even the *Spurlock* case said evidence of the alleged adultery was admissible, although not as a ground for divorce but to show a propensity to commit adulterous acts alleged to have occurred earlier. *Thomas v. Thomas,* 208 Ark. 20, 184 S.W. 2d 812 (1945), is distinguishable in the same way as *Spurlock.*

We hold the act of sexual intercourse admitted by the appellant to have occurred in 1978 was adultery because he was then married to the appellee. Whether or not the alleged adultery was a ground for relief to the appellee, it was surely "proven" and was clearly not without some basis in fact. To constitute a ground for divorce for the appellant, the allega-

tion must have been unproven and made by the appellee "without basis." *Relaford* v. *Relaford,* 235 Ark. 325, 359 S.W. 2d 801 (1962).

In addition to the *Spurlock* and *Thomas* cases, the appellant cited us to several other Arkansas Supreme Court decisions in support of his second point. *Northcutt* v. *Northcutt,* 249 Ark. 228, 458 S.W. 2d 746 (1970), held that instances of adultery alleged in a counterclaim are not *prematurely* alleged as long as they occurred before the counterclaim was filed. In *Ward* v. *Ward,* 249 Ark. 1001, 463 S.W. 2d 90 (1971), the *Northcutt* decision is cited simply for the proposition that adultery which occurs after a suit is commenced but before it is alleged in a counterclaim may properly be charged and may constitute a defense (presumably recrimination) to the original suit.

No case cited by the appellant or of which we are otherwise aware holds or even suggests that a counterclaim or a complaint, for that matter, in a divorce action cannot be amended to allege a ground for divorce which has arisen since the action was commenced. We believe the *Northcutt* and *Ward* cases should be limited to holding that parties should not be allowed to make allegations "prematurely," as Justice George Rose Smith said in *Northcutt.* This only means one should not be allowed to make allegations in the hope or with the suspicion that they will come true.

Regardless of the nature of the action, a party should be allowed to amend a pleading at any time as long as it does not prejudice his adversary. See, A.R.Civ. P. 15 and supplanted Ark. Stat. Ann. § 27-1160 (Supp. 1977), the statute which was applicable at the time this case was tried. Although there was a motion to strike here, no prejudice was alleged or shown to have resulted from the amendment and no continuance was sought by the appellant.

For his third point, the appellant contents Ark. Stat. Ann. § 34-1211 (Repl. 1962), is unconstitutional because it is a gender based statute and falls within the prohibition of the equal protection clauses of the U.S. and Arkansas

Constitutions, citing *Orr* v. *Orr*, 440 U.S. 268, 99 S. Ct. 1102, 59 L. Ed. 2d 306 (1979), the case which held a similar Alabama statute unconstitutional. We find we need not reach this point, and thus that we should not consider this constitutional question, absent the necessity of doing so. *McNew* v. *McNew*, 262 Ark. 567, 559 S.W. 2d 155 (1977).

There is no contention that Ark. Stat. Ann. § 34-1202 (Supp. 1977), the basic separate maintenance (divorce from bed and board) statute, is gender based. Thus, the only question becomes whether it was necessary for the court to apply § 34-1211 to make the award to the appellee of $400 per month, having granted her separate maintenance request.

The record shows the parties have two minor children and that the appellant's salary was $38,198.00 per year at the time of the trial. The order of the court does not specify the amount of the award which is for support of the wife, or that any of it was for her direct support, as opposed to that of the children. We find, on this de novo review, that the amount awarded was not in excess of a proper amount for child support. There is no contention here that the part of § 34-1211 which provides for support of children is unconstitutional. The statute, in its direction that the court may make an order touching upon the care of children, is not at all gender based, as it refers to "the person" required to support them rather than referring to the husband or the wife.

The appellant also challenges Ark. Stat. Ann. §§ 34-1210, 1213 and 1214 (Repl. 1962). Section 34-1210 deals with temporary alimony and attorney fees for the wife. A temporary award was made in this case on November 16, 1977. It was an appealable order. *Shirey* v. *Shirey*, 79 Ark. 472, 96 S.W. 164 (1906). See also *Gladfelter* v. *Gladfelter*, 205 Ark. 1019, 172 S.W. 2d 246 (1943). There is no evidence here that the appellant filed a notice of appeal of the court's order within 30 days of its issuance, thus he forfeited his right to have the order reviewed. Ark. Stat. Ann. § 27-2106.1 (Repl. 1962). *General Box Co.* v. *Scurlock, Comm. of Rev.*, 223 Ark. 967, 271 S.W. 2d 40 (1954). See also, *White* v. *Avery*, 226 Ark. 951, 295 S.W. 2d 365 (1956), and *Brown* v. *Maryland Cas. Co.*, 245 Ark. 70, 431 S.W. 2d 258 (1968).

We are fully aware of *Hatcher* v. *Hatcher*, 265 Ark. 681, 580 S.W. 2d 475 (1979), which held § 34-1210 unconstitutional, but we hold that to obtain a review of the court's order the appellant should have perfected a timely appeal of the temporary support order, as did the appellant in *Hatcher*.

We do not find that §§ 34-1213 or 34-1214 were applied in this case, and thus we need not address them.

Affirmed as modified to reflect the $400.00 monthly support payments are awarded for child support.

PENIX, J., dissents.

MARIAN F. PENIX, Judge, dissenting. I agree with the majority opinion that the wife's allegation of adultery against the husband was not such an indignity against the husband as to constitute a ground for divorce. He admitted adultery. I must, however, dissent to the majority's rationale and interpretation of the caselaw of Arkansas. The majority holds the chancellor properly could consider the husband's adultery as a basis for his decree in favor of the wife.

Arkansas long has been in the forefront of those states encouraging—and even making compulsory—the inclusion in one lawsuit of all matters which might conveniently be brought in by amendment, even if they occurred long after commencement of the action. *Troxler* v. *Spencer et al*, 224 Ark. 132, 270 S.W.2d 936 (1954). However, I do not believe the law to be that *voluntary sexual intercourse between a married person and someone other than his or her lawful spouse*\* if committed for the first time after a separation brought about by other causes, is *actionable adultery* in a divorce suit. This adultery should only be admitted as evidence if it somehow validly is connected with the causes for the estrangement.

In *Buck* v. *Buck*, 207 Ark. 1067, 184 S.W. 2d 68 (1944), and *Spurlock* v. *Spurlock* and related causes cited in the majority opinion, as well as an annotation in 98 A.L.R.2d 1264, it is

\* The Random House Dictionary of the English Language, 1976.

clear that Arkansas and most other courts adhere to the rule that a divorce will not be granted for causes arising after the action was commenced.

In this case Dr. Milne, the husband, left home in October, and filed his complaint for divorce a week later, and within the time for pleading the wife filed her answer and original counterclaim. Thus, this action was "commenced" long before the husband's adultery two months later in January.

The majority opinion suggests that the *Spurlock* case, requiring that adultery must have occurred before the commencement of the action, was based on a misconstruction of the statute, which now is Ark. Stat. Ann. §34-1208 (Repl. 1962) which says the ground must have existed within five years "next before the commencement of this suit". The majority reasons this is but a statute of limitation.

If anything, I believe the courts have used §34-1208 to extend time for the occurrence of grounds for divorce on to the time of commencing the action instead of the time of separation.

Our divorce courts should concern themselves with the behavior of the parties up to the time they separate. These are the facts which possibly will show the fault in the break-up of the marriage. What happens beyond the separation is irrelevant except for the limited purpose of corroborating evidence of occurrences prior to the separation. *Spurlock* v. *Spurlock, supra.*

Adultery was never a common law crime. Once it was punishable in the ecclesiastical courts of ancient England. Some of the American states have passed statutes making adultery a crime, but as far as I can determine Arkansas has never had such a statute. *Cook* v. *State,* 102 Ark. 367, 144 S.W. 227 (1912).

Dr. Milne's sexual conduct after his separation, if unrelated to the causes of the separation, was a matter between him, his conscience, and possibly his God, but not between

him and the Chancery Court of Pulaski County which has, in effect, required celibacy of Dr. Milne from separation until divorce from the bonds of matrimony, if ever.

This case should be reversed and remanded to the Chancery Court with the instructions that the added allegations of adultery should not have been considered as evidence unless casually connected to events prior to the separation.